# Exhibit "A"

C-1977-21-E

CAUSE NO.: _____

| | | |
|---|---|---|
| FILIBERTO J. GARZA MORENO | § § § § | IN THE \_\_\_\_ JUDICIAL DISTRICT |
| VS. | § § § | COURT OF |
| ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC. | § § § | HIDALGO COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FILIBERTO J. GARZA MORENO, hereinafter referred to as Plaintiff, and files this his original Petition against ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, and AIRPORT TERMINAL SERVICES INC., hereinafter referred to as Defendants, and for cause of action will show the Court the following:

DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendants in the amount of $10,000,000.00.

PARTIES

3. Plaintiff Filiberto J. Garza Moreno is an individual who resides in Brownsville, Cameron County, Texas.

4. Defendant Allegiant Travel Company (Allegiant) is a company that does business in McAllen, Hidalgo County, Texas as Allegiant Air (Airline). Defendant Allegiant Travel Company may be served with process by serving its registered agent,

**C-1977-21-E**

Corporation Service Company d/b/a CSC-Lawyer Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Defendant Allegiant Air LLC (Allegiant) is a limited liability company that does business in McAllen, Hidalgo County, Texas as Allegiant Air (Airline). Defendant Allegiant Air LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyer Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Defendant Airport Terminal Services Inc. (ATSI) is a corporation that does in McAllen, Hidalgo County, Texas, as an airline service company. Defendant Airport Terminal Services Inc. may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

## VENUE AND JURISDICTION

7. The incident described herein-below or events giving rise to Plaintiff's claim against Defendant arose in McAllen, Hidalgo County, Texas. Venue for this cause of action therefore lies in Hidalgo County, Texas.

8. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction for this cause of action.

## FACTS

9. On or about June 3, 2019, Plaintiff purchased an airline ticket from Allegiant to fly from McAllen Texas to Las Vegas Nevada on June 13, 2019. Plaintiff is a quadriplegic and disabled. Plaintiff made Allegiant aware of his disability and the need for assistance with boarding the airplane when he purchased the ticket online through Allegiant's website. Allegiant assured Plaintiff that it would provide Plaintiff with assistance in safely boarding the airplane at the McAllen airport before the airplane flew to Las Vegas.

2

Case 7:21-cv-00247 Document 1-2 Filed on 06/21/21 in TXSD Page 4 of 17

Electronically Filed
5/24/2021 4:50 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1977-21-E

While boarding the airplane, two men who were working for Defendants attempted to transfer Plaintiff from an aisle wheelchair to a seat on the airplane. The seat had armrests that were made of steel or metal and did not move up and down. The men placed a bedsheet underneath Plaintiff while he sat on the wheelchair and lifted Plaintiff from the wheelchair by grabbing and lifting the sheet with Plaintiff being positioned in the sheet. One of the men let go of the sheet, causing Plaintiff to fall and land on an armrest of the seat. Plaintiff's buttocks and right hip hit the armrest, causing his right hip to dislocate. After the men dropped Plaintiff, they told Plaintiff they had never transferred a person who was a quadriplegic from an aisle wheelchair to a seat on an airplane. The men had been loading luggage onto the airplane or working on the tarmac or apron before they attempted to lift Plaintiff from the wheelchair and dropped him on the armrest. The men were not educated, trained, or experienced in assisting a quadriplegic with boarding an airplane and safely placing him in a seat. Plaintiff was 5 feet, 11 inches tall and weighed approximately 220 pounds. Defendants should have used a lift and transfer hoist to transfer Plaintiff from the aisle wheelchair to a seat on the airplane, but failed to do so.

10. At the time of the incident, Plaintiff was 37 years of age. Plaintiff is a diabetic. His dislocated hip is inoperable due to the probability of his hip not staying in place after surgery and his surgical wounds not healing. As a result of Plaintiff's right hip being dislocated, his body is deformed. His right hip, leg and foot are positioned several inches higher than his left hip, leg, and foot. His body has shifted and is crooked, uneven, and unbalanced. As a result, Plaintiff has developed several large, stage-4, pressure ulcers on his buttocks, hips, and legs which have caused him to suffer additional physical deformities to these parts of body. The ulcers developed a few days after the incident occurred, and still have not healed, two years after the incident. Before the Covid-19 Pandemic began, Plaintiff spent 4 months in a hospital and nursing home receiving

Case 7:21-cv-00247 Document 1-2 Filed on 06/21/21 in TXSD Page 5 of 17

Electronically Filed
5/24/2021 4:50 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1977-21-E

medical treatment and wound care for his ulcers. He now receives medical treatment and wound care for the ulcers at his home. The ulcers and dislocated hip cause Plaintiff to sweat all day long, and he suffers from headaches daily. Plaintiff is constantly dehydrated and is forced to drink an excessive amount of water and other fluids.

<u>CAUSE OF ACTION BASED ON NEGLIGENCE-HIGH DEGREE
OF CARE OF A COMMON CARRIER AND PROXIMATE CAUSE</u>

11. At the time that is material to the incident described herein-above, Defendants were performing services as a common carrier. Defendants had a responsibility to perform these services with a high degree care but failed to do so. Defendants committed the following acts and/or omissions:

A. In failing to educate and train their employees, contractors, and/or agents regarding how to properly and safely transfer a person who is a quadriplegic from an aisle wheelchair to a seat on an airplane, as a very cautious, competent, and prudent person would have done under the same or similar circumstances,

B. In failing to have educated, trained, qualified, and experienced employees, contractors, and/or agents available at the airport to properly and safely transfer Plaintiff, a quadriplegic, from an aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would have done under the same or similar circumstances,

C. In failing to have enough, more than 2, educated, trained, qualified, and experienced employees, contractors, and/or agents available at the airport to properly and safely transfer Plaintiff, a quadriplegic, from an aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would have done under the same or similar circumstances,

D. In their employees, contractors, and/or agents using their hands and a bedsheet to transfer Plaintiff from the aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would not have done under the same or similar circumstances,

E. In failing to use a lift and transfer hoist to transfer Plaintiff from the aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would have done under the same or similar circumstances,

F. In failing to provide Plaintiff with a seat on the airplane that had armrests that moved up and down, as a very cautious, competent, and prudent person would have done under the same or similar circumstances,

Case 7:21-cv-00247   Document 1-2   Filed on 06/21/21 in TXSD   Page 6 of 17

Electronically Filed
5/24/2021 4:50 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1977-21-E

G. In transferring Plaintiff over a metal armrest of a seat on the airplane that did not move up and down, as a very cautious, competent, and prudent person would not have done under the same or similar circumstances,

H. In dropping Plaintiff as they transferred him from the aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would not have done under the same or similar circumstances,

I. In allowing Plaintiff's body to hit or make contact with the metal armrest of a seat on the airplane as they transferred him from the aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would not have done under the same or similar circumstances, and/or

J. In failing to comply with the Air Carrier Access Act and Department of Transportation, Title 14, Code of Federal Regulations, Part 382 – Nondiscrimination On The Basis of Disability In Air Travel, when boarding Plaintiff on the airplane and transferring him from the aisle wheelchair to a seat on the airplane, as a very cautious, competent, and prudent person would have done under the same or similar circumstances.

These acts and/or omissions by Defendants, taken either singularly or in combination, one with other or others, constitute negligence, which negligence was the sole proximate cause, or a proximate cause of the incident described herein-above and of the injuries and damages suffered by Plaintiff, as set out herein-below.

## ALTERNATIVE CAUSE OF ACTION BASED ON NEGLIGENCE PER SE AND PROXIMATE CAUSE

12. At the time that is material to the incident described herein-above, Defendants failed to comply with the Air Carrier Access Act and Department of Transportation, Title 14, Code of Federal Regulations, Part 382 – Nondiscrimination On The Basis of Disability In Air Travel. In this regard, Defendants were negligent per se, and this negligence per se was the sole proximate cause or a proximate cause of the incident described herein-above and of the injuries and damages suffered by Plaintiff, as set out herein-below.

Case 7:21-cv-00247 Document 1-2 Filed on 06/21/21 in TXSD Page 7 of 17

Electronically Filed
5/24/2021 4:50 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1977-21-E

## DAMAGES

13. As a proximate cause of the negligence of Defendant in causing the incident described herein-above, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendants in the amount of $10,000,000.00, as compensation for his damages.

## GROSS NEGLIGENCE-EXEMPLARY DAMAGES

14. At the time that is material to the incident described herein-above, Defendants acted with gross negligence in causing the incident and Plaintiff's resulting injuries and damages described herein. Plaintiff therefore seeks exemplary damages from Defendants as provided by Chapter 41 of the Texas Civil Practice and Remedies Code.

## JOINT AND SEVERAL LIABILITY

15. Plaintiff requests that Defendants be held jointly and severally liable to Plaintiff for of all of Plaintiff's damages alleged herein, including exemplary damages.

## VICARIOUS LIABILITY

16. At the time that is material to the incident described herein-above, Defendant's employees, contractors, and agents, including ATSI as it pertains to Allegiant, acted within the course, scope, and authority of their employment, contractual, and/or agency relationships with Defendants. Defendants should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein, including exemplary damages.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

17. Plaintiff further sues Defendants herein for prejudgment interest at the

Case 7:21-cv-00247 Document 1-2 Filed on 06/21/21 in TXSD Page 8 of 17

Electronically Filed
5/24/2021 4:50 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1977-21-E**

maximum rate allowed by law on those damages where such interest may be assessed and for post-judgment interest at the maximum rate allowed by law on all of Plaintiff's damages alleged herein, including exemplary damages, from the date of judgment until the judgment is paid in full.

### REQUEST FOR JURY AND JURY FEE

18. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendants for all of his damages alleged herein, including exemplary damages, for prejudgment and post-judgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

_____
MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

**NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO**

## C-1977-21-E
## 275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION
## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**ALLEGIANT AIR LLC**
**REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 EAST 7TH ST., STE. 620**
**AUSTIN, TX 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Marla Cuellar, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 24th day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1977-21-E, **FILIBERTO J GARZA MORENO VS. ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AIRPORT TERMINAL SERVICES, INC.**

Said Petition was filed in said court by Attorney MICHAEL J. CISNEROS, 312 LINBERG, MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**KRYSTAL HIDALGO, DEPUTY CLERK**

C-1977-21-E
## OFFICER'S RETURN

Came to hand on __26__ of __May__, 202_1_ at _2:00_ o'clock _P_.m. and executed in __Travis__ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the __Pl's Original__ (petition) at the following times and places, to-wit: _Certified Mail_

| NAME | DATE | TIME | PLACE 211 E. 7th St. |
|---|---|---|---|
| Allegiant Air LLC c/o Corp. Svc. Co | 5-26-21 | | Austin, TX |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
miles ...................$_____

_Joe Moreno P.S._
~~DEPUTY~~

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __Joe Moreno__, my date of birth is _____, and the address is __2134 Van Zandt 78___ and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in __Travis__ County, State of Texas, on the __26__ day of __May__, 202_1_.

_Joe Moreno_
Declarant"

__2249__      __8/31/22__
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Anna Mendoza ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) JUN 0 2 2021 C. Date of Delivery |
| 1. Article Addressed to:<br><br>ALLEGIANT AIR LLC<br>c/o Corp. Service Co.<br>211 E. 7th St./Ste. 620<br>Austin, TX 78701 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>AAL<br><br>26 |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 5515 9249 1897 50 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7020 0640 0001 9200 3457 | ☐ Insured Mail<br>☐ Insured Mail Restricted Delivery | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | | Domestic Return Receipt |

NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed = NO

## C-1977-21-E
## 275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**ALLEGIANT TRAVEL COMPANY**
**REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 EAST 7TH ST., STE. 620**
**AUSTIN, TX 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Marla Cuellar, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 24th day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1977-21-E, **FILIBERTO J GARZA MORENO VS. ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AIRPORT TERMINAL SERVICES, INC.**

Said Petition was filed in said court by Attorney MICHAEL J. CISNEROS, 312 LINBERG, MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**KRYSTAL HIDALGO, DEPUTY CLERK**

## C-1977-21-E
## OFFICER'S RETURN

Came to hand on __26__ of __May__, 202_1_ at __2:00__ o'clock __P__.m. and executed in __Travis__ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the __Pl's Original__ (petition) at the following times and places, to-wit: __Cathful__ __Alemant Jurnel Co.__ __211 E. 7th St.__ __Men__

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| c/o Corp. Svc. Co. | 5-26-21 | | Austin, TX |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
      miles ................$_____

_____Joe Mims P.S._____
DEPUTY

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __Joe Mims__, my date of birth is _____ and the address is __2134 Von Jurel 78539__, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in __Travis__ County, State of Texas, on the __26__ day of __May__, 202_1_.

_____Joe Mims_____
Declarant"

__2249__  __8/31/22__
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X **Anna Mendoza**  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>JUN 0 2 2021 |
| 1. Article Addressed to:<br><br>ALLEGIANT TRAVEL CO.<br>c/o Corp. Service Co.<br>211 E. 7th St./Ste. 620<br>Austin, TX 78701 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>AAL<br><br>2L |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 5515 9249 1887 08 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ all<br>☐ all Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7020 0640 0001 9200 3440 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Electronically Filed
6/14/2021 10:40 AM
Hidalgo County District Clerks
Reviewed By: Marcos Lopez

ORIGINAL

**NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO**

C-1977-21-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION
THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**AIRPORT TERMINAL SERVICES INC.
REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN ST., STE. 900
DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Marla Cuellar, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 24th day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1977-21-E, **FILIBERTO J GARZA MORENO VS. ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AIRPORT TERMINAL SERVICES, INC.**

Said Petition was filed in said court by Attorney MICHAEL J. CISNEROS, 312 LINBERG, MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 25th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK
100 N. CLOSNER, EDINBURG, TEXAS
HIDALGO COUNTY, TEXAS**

*Krystal Hidalgo*
**KRYSTAL HIDALGO, DEPUTY CLERK**

C-1977-21-E
## OFFICER'S RETURN

Came to hand on _26_ of _May_, 202_1_ at _2:00_ o'clock _P_.m. and executed in _Dallas_ County, Texas by delivering to each of the within named Defendant ~~in person~~, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _P's Original_ (petition) at the following times and places, to-wit: _Certified mail_ _Airport Terminal Svs_

| NAME | DATE | TIME | PLACE _1999 Bryan St._ |
|------|------|------|-------|
| c/o C. T. Corp. | 5-26-21 | | Dallas, TX |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
     miles .................$_____

_Joe Mms P.S._
~~DEPUTY~~

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Joe Moreno_, my date of birth is _____ and the address is _2134 Van Jewel 78539_, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _Dallas_ County, State of Texas, on the _26_ day of _May_, 202_1_.

_Joe Mms_
Declarant

_2249_    _8/31/22_
**If Certified by the Supreme Court of Texas
Date of Expiration / PSC Number**

Electronically Filed
6/14/2021 10:40 AM
ty District Clerks
Marcos Lopez

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature]<br>B. Received by (Printed Name)<br>Brett Bagwell | ☐ Agent<br>☐ Addressee<br>C. Date of Delivery |
| 1. Article Addressed to:<br>AIRPORT TERMINAL SVCS.<br>c/o C.T. Corp.<br>1999 Bryan St./Ste. 900<br>Dallas, TX 75201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>JUN 0 2 2021 | |
| 9590 9402 6446 0346 5331 16 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7020 0640 0001 9200 3464 | | |

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt