IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **FILIBERTO J. GARZA MORENO,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 7:21-cv-00247 |
| **ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC.,** | § § § § § | |
| **Defendants.** | § | |

### DEFENDANT AIRPORT TERMINAL SERVICES INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Airport Terminal Services Inc., Defendant in the above-entitled and numbered cause, and file this their Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

I.

DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Paragraph 1 contains no factual allegations.

CLAIM FOR RELIEF

2. Defendant admits only that Plaintiff has pleaded for monetary relief in excess of $10,000,000.00. Defendant denies any liability to Plaintiff.

PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. Defendant admits that it is a corporation and that its registered agent is correctly identified. Defendant denies the remainder of the allegations, if any, contained in Paragraph 6.

## VENUE AND JURISDICTION

7. Defendant admits that the incident as pleaded by Plaintiff arose in McAllen, Hidalgo County, Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, if any, in Paragraph 7.

8. Defendant admits only that Plaintiff has pleaded for damages within the jurisdictional limit of the Court. Defendant denies any liability to Plaintiff.

## FACTS

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

## CAUSE OF ACTION BASED ON NEGLIGENCE-IDGH DEGREE OF CARE OF A COMMON CARRIER AND PROXIMATTI CAUSE

11. Defendant denies all allegations in paragraph 11. Defendant denies that it is a "common carrier" and denies that it breached any duty of care owed to Plaintiff or any applicable statute.

## ALTERNATIVE CAUSE OF ACTION BASED ON NEGLIGENCE PER SE AND PROXIMATE CAUSE

12. Defendant denies all allegations in Paragraph 12.

## DAMAGES

13. Defendant admits only that Plaintiff has pleaded for monetary relief. Defendant denies any liability to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.

## GROSS NEGLIGENCE-EXEMPLARY DAMAGES

14. Defendant denies the allegations in Paragraph 14.

## JOINT AND SEVERAL LIABILITY

15. Paragraph 15 contains no factual allegations.

## VICARIOUS LIABILITY

16. Defendant denies the allegations in Paragraph 16.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

17. Defendant denies the allegations in Paragraph 17.

## II.
## AFFIRMATIVE DEFENSES

18. Defendant asserts that the Plaintiff's damages, if any, were caused, in whole or in part, by persons or entities beyond Defendant's control or employ, which were the proximate cause of such pleaded injuries. Defendant asserts the affirmative defenses of contributory negligence and comparative negligence. Should the Court or jury find that Defendant was negligent or otherwise liable to Plaintiff—which is expressly denied—then Defendant would ask that the judge or jury limit recovery by any comparative fault of the Plaintiff, responsible third party(s), and the other named or settling defendants.

19. Defendant asserts its right to proportionate responsibility, contribution, comparative fault, indemnity and/or credit pursuant to Chapter 32 and 33 of the Texas Civil Practice and Remedies Code.

20. Defendant denies that it is a "common carrier."

21. Defendant denies that it owned or manufactured the subject aircraft.

22. Defendants assert that a superseding and/or intervening cause caused or contributed to all or a substantial portion of Plaintiff's alleged damages.

23. Defendant further asserts that the injuries of which Plaintiff complains are the result of pre-existing condition(s) of the Plaintiff.

24. Defendant asserts damages alleged for medical expenses asserted by Plaintiff are limited to the amount actually paid by or on behalf of Plaintiff.  Tex. Civ. Prac. & Rem. Code § 41.015.

25. Defendant asserts that Plaintiff did not make reasonable efforts to mitigate his damages, if any.

26. Defendant would show that any award of pre-judgment interest on future damages would deprive Defendant of its property and rights without due process and course of law and would further constitute an excessive and unreasonable fine or penalty prohibited by the Texas and United States Constitutions.  Defendant further alleges that Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- ART. 5069-1.05 § 6, TEX. R. CIV. STAT.;
- CHAPTER 304, TEX. FIN. CODE; and
- CHAPTER 41, TEX. CIV. PRAC. & REM. CODE.

27. Defendant asserts that, to the extent Plaintiff is alleging loss of earning capacity, Defendant would show that such recovery is limited to post-tax earnings or net earnings figured pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code and other applicable statutes and/or case law.

28. Pleading further, alternatively, and by way of affirmative defense, Defendant pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would

constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Defendant pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

29. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the imposition of punitive damages sought by Plaintiff violates Defendant's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, Sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, Section 13 of the Texas Constitution, in that:

    (a) Texas law and the Texas punitive-damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive-damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b) Defendant had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c) Under Texas law and the Texas punitive-damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d) Under Texas law and the Texas punitive-damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a party.

(e) No provision of Texas law or the Texas punitive-damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

(f) Texas law and the Texas punitive-damage scheme do not provide for adequate post-trial review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review.

(g) Texas law and the Texas punitive-damage scheme do not provide for adequate appellate review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court,

including Article 5, Section 6 of the Texas Constitution and Section 22.225 of the Texas Government Code.

(h) In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive-damage scheme, including Sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, place undue emphasis on a party's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

(i) Under Texas law and the Texas punitive-damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

30. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that by virtue of Section 41.008 of the Texas Civil Practice and Remedies Code, any award of punitive damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

Dated: <u>June 28, 2021</u>.

Respectfully submitted,

By: _____
**DAVID A. JOHNSON**
Texas Bar No. 24032598
djohnson@cowlesthompson.com
(214) 672-2186
(214) 672-2386 (Fax)

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEY-IN-CHARGE**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 28th day of June, 2021, a true and correct copy of the foregoing document was delivered via electronic service to all counsel of record.

*/s/David A. Johnson*
**DAVID A. JOHNSON**