UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FILIBERTO J. GARZA MORENO | § § § § |
| VS. | § CIVIL ACTION NO. 7-21-CV-247 § § |
| ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC. | § § § § |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**RESPONSE:**

The meeting of the parties required by Rule 26(f) was held via email on August 9, 2021. Michael J. Cisneros, attorney for Plaintiff, Don Swaim, attorney for Defendants Allegiant Travel Company and Allegiant Air, L.L.C., and David A. Johnson, attorney for Defendant Airport Terminal Services, Inc., participated in the meeting.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**RESPONSE:**

None.

3. Briefly describe what this case is about.

**RESPONSE:**

Plaintiff contends in his complaint that Defendants were negligent in transferring Plaintiff, a quadriplegic, from an aisle wheelchair to a seat on a plane, causing him to suffer injuries and damages.

Defendants have filed answers denying these allegations.

4. Specify the allegation of federal jurisdiction.

**RESPONSE:**

Defendants Allegiant Travel Company and Allegiant Air LLC removed this case to this Federal Court under 28 U.S.C. § 1332 and § 1441 because the parties are completely diverse, citizens of different states, and the amount in controversy exceeds $75,000.00.

5. Name the parties who disagree with the jurisdictional allegations and state their reasons.

**RESPONSE:**

None.

6. List anticipated additional parties that should be included, when they can be added, and which parties desire their inclusion.

**RESPONSE:**

None at this time.

7. List anticipated interventions.

**RESPONSE:**

None.

8. Describe class-action issues.

**RESPONSE:**

None.

9. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE:**

Plaintiff will provide Defendant with his initial disclosures by August 31, 2021.

Defendants will provide Plaintiff with its initial disclosures by August 31, 2021.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

**RESPONSE:**

None.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

**RESPONSE:**

Plaintiff will provide Defendants with his initial interrogatories by September 30, 2021.

    C. When and to whom the defendant anticipates it may send interrogatories.

**RESPONSE:**

Defendants will provide Plaintiff with their initial interrogatories by September 30, 2021.

    D. Of whom and by when the Plaintiff anticipates taking oral depositions.

**RESPONSE:**

Plaintiff anticipates taking the depositions of Defendants' corporate representatives, managers/supervisors, and employees, fact witnesses, and the parties' experts by July 31, 2022.

E. Of whom and by when the defendant anticipates taking oral depositions.

**RESPONSE:**

Defendants anticipate taking the depositions of the Plaintiff, all fact witnesses, and the parties' experts by July 31, 2022.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**RESPONSE:**

Plaintiff will designate his experts and provide reports from retained experts by March 31, 2022.

Defendants will designate its experts and provide reports from retained experts by April 30, 2022.

G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**RESPONSE:**

Plaintiff anticipates taking the depositions of Plaintiff's and Defendants' experts by July 31, 2022.

H. List expert depositions the opposing parties anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

4

**RESPONSE:**

Defendant anticipates taking the depositions of Plaintiff's and Defendant's experts by July 31, 2022.

11. If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE:**

The parties have agreed.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE:**

The parties will exchange initial written discovery by September 30, 2021.

13. State the date the planned discovery can reasonably be completed.

**RESPONSE:**

The planned discovery can reasonably be completed by July 31, 2022.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**RESPONSE:**

The parties feel that a settlement or resolution of this case may be reached by way of mediation after conducting discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**RESPONSE:**

The parties agree to mediate this case after conducting discovery.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**RESPONSE:**

Mediation will be used to attempt resolving this case by July 31, 2022.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE:**

The parties do not agree to a trial before a magistrate judge at this time.

18. State whether a jury demand has been made and if it was made on time.

**RESPONSE:**

Plaintiff made a jury demand in his original petition he filed in state district court.

Defendants filed a jury demand when this case was pending in state district court.

19. Specify the number of hours it will take to present the evidence in this case.

**RESPONSE:**

The parties estimate that it will take approximately 64 hours or 8 days to try this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**RESPONSE:**

Plaintiff intends to file Plaintiff's Motion to Inspect, Measure, Photograph, and/or Videotape the Airplane Where the Incident Occurred before the conference.

21. List other motions pending.

**RESPONSE:**

None.

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

**RESPONSE:**

None.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**RESPONSE:**

Plaintiff filed his Certificate of Interested Parties on July 12, 2021.

Defendants Allegiant Travel Company and Allegiant Air LLC filed its Certificate of Interested Parties on June 21, 2021.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**RESPONSE:**

| | |
|---|---|
| Michael J. Cisneros | Don Swaim |
| Fed. I.D. No. 19522 | State Bar No. 19545200 |
| Arturo Cisneros | Joshua J. Alexander |
| Fed. I.D. No. 19521 | State Bar No.: 24105506 |
| The Cisneros Law Firm L.L.P. | CUNNINGHAM SWAIM, L.L.P. |
| 312 Lindberg | 4015 Main Street, Suite 200 |
| McAllen, Texas 78501 | Dallas, Texas 75226 |
| Telephone No. (956) 682-1883 | Telephone: (214) 646-1495 |
| Facsimile No. (956) 682-0132 | Facsimile: (214) 613-1163 |
| Email: email@cisneroslawfirm.com | Email:dswaim@cunninghamswaim.com |
| Attorneys for Plaintiff | Email: josh@cunninghamswaim.com |
| | Attorneys for Defendant Allegiant Travel Company and Allegiant Air, L.L.C. |

David A. Johnson
State Bar No.: 24032598
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202
Telephone:  (214) 672-2000
Facsimile:   (214) 672-2020
Email: djohnson@cowlesthompson.com
Attorneys for Defendant Airport Terminal Services, Inc.

        Respectfully submitted,


        /s/ *Michael J. Cisneros*
        **Michael J. Cisneros,** Attorney-in-charge
        State Bar No.: 00793509
        Federal I.D. No.: 19522
        **Arturo Cisneros,** Attorney
        State Bar No.: 00789224
        Federal I.D. No.: 19521
        The Cisneros Law Firm L.L.P.
        312 Lindberg Avenue
        McAllen, Texas 78501
        Telephone:  (956) 682-1883
        Facsimile:   (956) 682-0132
        Email:  email@cisneroslawfirm.com
        Attorneys for Plaintiff


        /s/ *Don Swaim*
        **Don Swaim**
        State Bar No. 19545200
        **Joshua J. Alexander**
        State Bar No.: 24105506
        CUNNINGHAM SWAIM, L.L.P.
        4015 Main Street, Suite 200
        Dallas, Texas 75226
        Telephone:  (214) 646-1495
        Facsimile:   (214) 613-1163
        Email:dswaim@cunninghamswaim.com
        Email: josh@cunninghamswaim.com
        Attorneys for Defendant Allegiant Travel Company and Allegiant Air, L.L.C.

/s/ *David A. Johnson*
**David A. Johnson**
State Bar No.: 24032598
COWLES & THOMPSON, P.C.
901 Main Street, Suite 3900
Dallas, Texas 75202
Telephone: (214) 672-2000
Facsimile: (214) 672-2020
Email: djohnson@cowlesthompson.com
Attorneys for Defendant Airport Terminal Services, Inc.