IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **FILIBERTO J. GARZA MORENO,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § § | Case No. 7:21-cv-00247 |
| **ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC.** | § § § § § | |
| **Defendants.** | § § | |

## ALLEGIANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY AND INSPECTION OF ALLEGIANT'S AIRPLANE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Allegiant Travel Company and Allegiant Air LLC (collectively, "Allegiant") and file this Response to Plaintiff's Motion for Entry and Inspection of Allegiant's Airplane [Dkt. 12], and in support thereof, states as follows:

### A.     This Motion is Untimely

Pursuant to the Federal Rules of Civil Procedure, a request to permit entry on land cannot be served before the 26(f) conference unless the parties stipulate or the court orders otherwise. Fed. R. Civ. P. 26(d)(1). Despite having filed Plaintiff's Motion for Entry on August 13, 2021, the parties have not stipulated to pre-conference discovery, no Court order has been entered, and the conference has been set for August 17, 2021. Therefore, Plaintiff's Motion to inspect the Aircraft is untimely and should not be entertained until after the scheduling conference with the Court.

### B.     The Parties Will Confer and Agree, with Provisions

Despite the untimeliness of the request, Defendant will confer in good faith and determine

a time and place suitable for a possible inspection. On information and belief, the aircraft in question has been retired and possibly decommissioned and/or disassembled. Allegiant has certainly not denied Plaintiff's request. However, on this short notice, Allegiant is unable to agree to produce the aircraft in question or a similar aircraft. Moreover, even if a similar aircraft can be located, McAllen is not an airport in which airplanes typically come to and sit for hours at a time; it is an airport in which aircraft are constantly flying in and out. Scheduling a time and place in which a similar aircraft will be available will be no small challenge and Allegiant will require some time to attempt to accommodate Plaintiff's request, and which will in turn require patience from all parties. The undersigned has reached out to Plaintiff's counsel to attempt to discuss this matter. The Court should require the parties to confer, to the best of their abilities, before entertaining this Motion and setting for a hearing. Should a need for Court intervention arise, the Motion will be ripe.

Respectfully submitted,

*/s/ Don Swaim*
Don Swaim
State Bar No. 19545200
Joshua J. Alexander
State Bar No. 24105506
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
dswaim@cunninghamswaim.com
josh@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANTS ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have complied with the provisions of the Federal Rules of Civil Procedure by serving a copy of the foregoing document on this 16th day of August, 2021 to all counsel of record who have entered an appearance in this action.

           */s/ Don Swaim*
           Don Swaim