# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **FILIBERTO J. GARZA MORENO,** § <br> § <br> **Plaintiff,** § <br> v. § <br> § <br> **ALLEGIANT TRAVEL COMPANY,** § <br> **ALLEGIANT AIR LLC, AND AIRPORT** § <br> **TERMINAL SERVICES INC.,** § <br> § <br> **Defendants.** § | Case No. 7:21-cv-00247 |

## RENEWED JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff and Defendants hereby file the following Renewed Joint Motion for Entry of Protective Order, and would respectfully show the Court as follows:

1. On December 7, 2021, the parties, after conferring over the preceding week, filed a Joint Motion for Protective Order, requesting that the Court enter a protective order that would govern the production of sensitive documents and information in this action. (*See* Dkt. 20).

2. On December 10, 2021, the Court issued an Order denying the initial Joint Motion, on the grounds that the parties had not demonstrated sufficient facts that would justify the entry of the parties' agreed-upon order. (Dkt. 21).

3. By way of this Renewed Joint Motion, the parties hereby renew their request for the entry of the proposed protective order filed contemporaneously herewith, for the reasons that follow.

4. This case arises out of an incident that took place on board an aircraft on June 13, 2019, in which Plaintiff alleges that he was injured during the boarding process. (*See* Dkt. 1-2). Defendants are alleged to be responsible for mishandling Plaintiff, who required assistance to board because of a preexisting injury that required the use of a wheelchair, causing him further injury. (Dkt. 1-2 at 2-4).

1

5. Discovery has now commenced in this action. Both sides have sent discovery requests to the other, seeking various documents and information relating to the accident, Plaintiff's injuries, and the parties' relationships.

6. Some of the documents that will be produced in this action by the parties involve information that is either sensitive or private in nature, potentially subject to trade secret protection, or may put the producing party at a competitive disadvantage in the marketplace. For example:

- Plaintiff, or his treating physicians, will be producing documents relating to his medical condition and treatment, which will include personal information such as Social Security numbers and payment information, and will implicate privacy interests on his part due to the nature of the treatment.

- Defendants will be producing documents involving the design and operation of the aircraft in question, which in certain cases is proprietary to Defendants or the third-party manufacturer of the aircraft, and could be used by competitors if produced or used in public filings in this case without being subject to protection.

7. The issuance of a protective order that allows parties to designate certain documents as "Confidential" and subject to protection will obviate these risks and ensure that the documents are not misused outside of the context of this litigation.

8. Rule 26(c) empowers the Court to "enter a protective order for good cause to protect a party from, among other things, revealing commercially sensitive information." *Frantz Design, Inc. v. Diamond Orthotic Lab., LLC*, No. 1-19-CV-00970-ADA, 2020 WL 10313920, at *2 (W.D. Tex. Aug. 13, 2020) (citing *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008)). Protective orders are also frequently granted in cases involving the production of "sensitive medical data." *E.g.*, *Deitz v. Performance Food*

*Group, Inc.*, No. 6:20-CV-00153-ADA-JCM, 2021 WL 2715974, at *4 (W.D. Tex. Apr. 21, 2021).

9. This can include orders with "[m]ulti-tier condientiality designations" as provided in the proposed order submitted contemporaneously herewith, *Frantz Design*, 2020 WL 10313920, at *2, and permitting information to be produced, filed, and/or "revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). While this Court specifically has not issued a form protective order for use in its cases, other courts within this district and more broadly within Texas have provided for standard protective orders to be entered in cases where they are deemed appropriate. *E.g.* Form Protective Order for Judge Charles Eskridge, S.D. Tex. (available at https://www.txs.uscourts.gov/sites/txs/files/Form%209_Standard%20Protective%20Order.pdf); *accord* W.D. Tex. Form Protective Order (available at https://www.txwd.uscourts.gov/wp-content/uploads/Forms/Civil/Western%20District%20of%20Texas%20Protective%20Order.pdf). The protective order submitted contemporaneously with this Joint Motion is based upon a form utilized and entered in other actions in Texas federal district courts.

10. The parties respectfully submit that the entry of a protective order is appropriate here. Discovery will implicate certain matters that involve medically commercially sensitive or economically competitive details, such as the nature of Plaintiff's injuries, conditions, and treatment, and Defendants' business practices in a competitive market. Accordingly, the parties submit to the Court that good cause exists for the entry of a standard protective order, which will be judiciously applied by the parties in a reasonable manner, to allow for the appropriate and sufficiently protected production of sensitive information and documents in this case.

11. Accordingly, the parties renew their joint request that the Court enter the enclosed Protective Order in this action, in accordance with Federal Rule of Civil Procedure 26(c).

Dated: December 20, 2021.                    Respectfully submitted,

*/s/ Michael J. Cisneros*
Michael J. Cisneros
Attorney-in-Charge
State Bar No. 00793509
Southern District Bar No. 19522
Arturo Cisneros
State Bar No. 00789224
Southern District Bar No. 19521
THE CISNEROS LAW FIRM, L.L.P.
312 Lingberg
McAllen, Texas 78501
Telephone: (956) 682-1883
Facsimile: (956) 682-0132
email@cisneroslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Don Swaim*
Don Swaim
Texas Bar No. 19545200
Alex J. Whitman
Texas Bar No. 24105506
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone:  (214) 646-1495
Facsimile: (214) 613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswaim.com
**ATTORNEYS FOR DEFENDANTS ALLEGIANT TRAVEL COMPANY AND ALLEGIANT AIR, LLC**

*/s/ David A. Johnson*
David A. Johnson
djohnson@cowlesthompson.com
Texas State Bar No. 24032598
**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, Texas 75202
Telephone: (214) 672-3000
Facsimile: (214) 672-2020
**ATTORNEYS FOR DEFENDANT AIRPORT TECHNICAL SERVICES, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for all parties conferred on December 13 and 17, 2021, and that all parties agree to and join in this Motion and the form of the proposed protective order submitted herewith.

                              */s/ Don Swaim*
                              Don Swaim

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon all counsel of record who are registered and authorized to receive service thereof via the CM/ECF system on December 20, 2021.

                              */s/ Don Swaim*
                              Don Swaim