United States District Court
Southern District of Texas
**ENTERED**
April 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FILIBERTO J. GARZA MORENO, § § Plaintiff, § § VS. § § CIVIL ACTION NO. 7:21-cv-00247 ALLEGIANT TRAVEL COMPANY, § ALLEGIANT AIR, LLC, and AIRPORT § TERMINAL SERVICES, INC., § § Defendants. § | |

## **ORDER**

The Court now considers "Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint."[1] Defendants are unopposed.[2] Because the motion is unopposed, the Court considers it as soon as practical.[3]

Plaintiff requests leave of Court "to amend his complaint to comply with the Federal Rules of Civil Procedure, Local Rules for the Southern District of Texas, Texas Rules of Civil Procedure, Texas Civil Practice and Remides Code, and Evidence that has been discovered to date."[4] Plaintiff attaches a copy of the amended complaint for the Court's review.[5]

Rule 15(a)(2) provides that the Court should freely give leave to amend "when justice so requires."[6] In determining whether to allow leave to amend a pleading, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies

---

[1] Dkt. No. 26.
[2] *Id.* at 4.
[3] L.R. 7.2.
[4] Dkt. No. 26 at 2.
[5] Dkt. No. 26-1.
[6] FED. R. CIV. P. 15(a)(2); *see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").

by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[7] In the absence of any of these factors, the Court should freely grant the requested leave.[8] The decision whether to grant leave to amend lies within the Court's sound discretion.[9]

The Court finds none of the warning factors present here. Plaintiff does not seek amendment in bad faith or with dilatory motive. Amendment here will not result in any significant delay. Moreover, the Court finds Plaintiff's amendment would not prejudice Defendants, particularly considering Defendants' lack of opposition. Plaintiff's amendment would not be futile, as Plaintiff would have the opportunity to file a complaint in conformity with federal pleading requirements.

Accordingly, the Court finds that leave to amend is proper. The Court **GRANTS** Plaintiff's motion[10] for leave and finds "Plaintiff's First Amended Original Complaint" timely filed.[11]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of April 2022.

_____
Micaela Alvarez
United States District Judge

---

[7] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[9] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[10] Dkt. No. 26.
[11] Dkt. No. 26-1