UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **FILIBERTO J. GARZA MORENO,** | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 7:21-cv-00247 |
| **ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC.,** | § § § § | |
| Defendants. | § | |

## DEFENDANTS ALLEGIANT TRAVEL COMPANY AND ALLEGIANT AIR LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Allegiant Travel Company and Allegiant Air LLC ("Allegiant Defendants") hereby file the following Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and would respectfully plead as follows:

### DISCOVERY CONTROL PLAN – BY RULE (LEVEL 3)

1. This Paragraph addresses issues only relevant to cases pending in Texas state court, not federal court, and the allegations therein are accordingly denied.

### CLAIM FOR RELIEF

2. This Paragraph addresses issues only relevant to cases pending in Texas state court, not federal court, and the allegations therein are accordingly denied.

### PARTIES

3. The Allegiant Defendants admit the allegations of this Paragraph.

4. The Allegiant Defendants admit the allegations of this Paragraph.

5. The Allegiant Defendants admit the allegations of this Paragraph.

6. No response is required to the allegations of this Paragraph.

1

7. The Allegiant Defendants admit that Defendant Airport Terminal Services Inc. ("ATS") is a Missouri corporation that performs business in Texas. The Allegiant Defendants admit that Allegiant Air, LLC contracts with ATS to perform certain services at McAllen Miller International Airport. The Allegiant Defendants deny the remaining allegations of this Paragraph.

## VENUE AND JURISDICTION

8. The Allegiant Defendants admit the allegations of this Paragraph.

9. The Allegiant Defendants admit the allegations of this Paragraph.

## FACTS

10. The Allegiant Defendants admit that Plaintiff purchased an airline ticket on or about June 3, 2019 for a flight from McAllen, Texas to Las Vegas, Nevada on June 13, 2019, and that Plaintiff is quadriplegic and disabled. The Allegiant Defendants lack sufficient information to admit or deny the remaining allegations of this Paragraph, and those allegations are accordingly denied.

11. The Allegiant Defendants lack sufficient information to admit or deny the allegations of this Paragraph, and those allegations are accordingly denied.

12. The Allegiant Defendants lack sufficient information to admit or deny the allegations of this Paragraph, and those allegations are accordingly denied.

## CAUSE OF ACTION BASED ON NEGLIGENCE-HIGH DEGREE OF CARE OF A COMMON CARRIER AND PROXIMATE CAUSE

13. The Allegiant Defendants deny the allegations of this Paragraph.

## ALTERNATIVE CAUSE OF ACTION BASED ON COMMON LAW NEGLIGENCE AND PROXIMATE CAUSE

14. The Allegiant Defendants deny the allegations of this Paragraph.

## CAUSE OF ACTION BASED ON NEGLIGENCE PER SE AND PROXIMATE CAUSE

15. The Allegiant Defendants deny the allegations of this Paragraph.

## DAMAGES

16. The Allegiant Defendants deny the allegations of this Paragraph.

## GROSS NEGLIGENCE-EXEMPLARY DAMAGES

17. The Allegiant Defendants deny the allegations of this Paragraph.

## VICARIOUS LIABILITY

18. The Allegiant Defendants deny the allegations of this Paragraph.

## JOINT AND SEVERAL LIABILITY

19. The Allegiant Defendants deny the allegations of this Paragraph.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

20. The Allegiant Defendants deny the allegations of this Paragraph.

## REQUEST FOR JURY TRIAL AND JURY FEE

21. No response is required to the allegations of this Paragraph

The Allegiant Defendants deny that Plaintiff is entitled to the relief requested in the ad damnum clause following Paragraph 21.

## **AFFIRMATIVE DEFENSES**

The Allegiant Defendants assert the following Affirmative Defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The Allegiant Defendants assert that Plaintiff's damages were caused or contributed to by the direct and proximate negligence, fault or conduct of parties or persons other than the Allegiant Defendants and over whom the Allegiant Defendants had no control and for whose acts the Allegiant Defendants are not liable, including, but not limited to Plaintiff. In the event that the Allegiant Defendants are found liable to Plaintiff, which liability is expressly

denied, the Allegiant Defendants will be entitled to a finding of comparative and/or contributory negligence or fault and, thereafter, indemnification, contribution, or apportionment pursuant to the applicable state law.

3. The Allegiant Defendants assert that some or all of Plaintiff's damages were caused by the actions of a responsible third party under Texas Civil Practice and Remedies Code Section 33.004 and related statutes, namely Aron Moreno, who provided information and instruction to the individuals who assisted with the placement of Plaintiff on the aircraft for the flight in question that did not adequately prepare and notify those individuals of what was necessary to avoid injuring Plaintiff. Notice is hereby given that Mr. Moreno may be designated as a responsible third party for his proportionate fault to be determined by the jury.

4. Plaintiff's state law claims or the standards upon which they are based are barred or preempted, in whole or in part, by federal law or regulations, or standards promulgated by federal law, including, but not limited to, the regulations governing airlines and passenger handling, specifically 14 C.F.R. Part 382 *et seq.*, as well as 14 C.F.R. Part 121 *et seq.*, and any other guidance provided by the federal regulatory authorities pursuant to these authorities. Plaintiff cannot establish the existence of any duties under state law that exceed those duties provided by federal law, as such duties are preempted under the Supremacy Clause of the United States Constitution.

5. The Allegiant Defendants plead that they are entitled to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by TEX. CIV. PRAC. & REM. CODE § 33.001 et seq. In accordance with this section, the Allegiant Defendants may not be held jointly and severally liable for any amount of damages herein, unless the percentage of responsibility of each Defendant, when compared with that of each responsible third party and each settling party, is greater than fifty (50) percent.

6. The Allegiant Defendants assert that if any of the Defendants named in this action or other persons have settled Plaintiff's claims against them in this suit or any other suit, claim, or proceeding where Plaintiff has asserted the same injuries, Allegiant is entitled to a credit for the amounts paid or to be paid by settling Defendants or other settling persons. Such an offset should be equal to the sum of the dollar amounts of all settlements in this suit or any others brought by Plaintiff for the same damages, pursuant to TEX. CIV. PRAC. & REM. CODE § 33.012.

7. The Allegiant Defendants assert that a superseding and/or intervening cause caused or contributed to all or a substantial portion of Plaintiff's alleged damages.

8. The Allegiant Defendants plead the limitations on interest on any judgment provided by TEX. FIN. CODE § 304.001 et seq, Art. 5069-1.05 § 6, Tex. R. Civ. Stat., and Chapter 41 of the Texas Civil Practice and Remedies Code.

9. To the extent Plaintiff is alleging loss of earning capacity, such recovery is limited to post-tax earnings or net earnings figured pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code and other applicable statutes and/or case law.

10. Recovery of medical and/or healthcare expenses is limited to the amount actually paid or incurred on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

11. Plaintiff's claims for punitive or exemplary damages are limited to the amounts provided by Texas Civil Practice and Remedies Code § 41.008(b).

12. Any award of punitive or exemplary damages are limited by the due process provisions of the United States and Texas Constitutions.

13. Certain of the injuries alleged by Plaintiff are the result of preexisting conditions that were not caused by the incident or the Allegiant Defendants.

14. Plaintiff did not make reasonable efforts to mitigate his damages, if any.

15. The Allegiant Defendants reserve the right to assert any other additional affirmative defenses as become apparent through the course of discovery or otherwise permitted by the Federal Rules of Civil Procedure.

Dated: April 18, 2022

Respectfully submitted,

*/s/ Don Swaim*
Don Swaim
Texas Bar No. 19545200
Alex J. Whitman
Texas Bar No. 24105506
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: 214-646-1495
Facsimile: 214-613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANTS
ALLEGIANT TRAVEL COMPANY AND
ALLEGIANT AIR, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon all counsel of record who are registered and authorized to receive service thereof via the CM/ECF system on April 18, 2022.

*/s/ Don Swaim*
Don Swaim