IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **FILIBERTO J. GARZA MORENO,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 7:21-cv-00247 |
| **ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC.,** | § § § § § | |
| **Defendants.** | § | |

### DEFENDANT AIRPORT TERMINAL SERVICES INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant Airport Terminal Services Inc. and files this Answer to Plaintiff's First Amended Complaint, and would respectfully show the Court as follows:

**I.**

DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Paragraph 1 contains no factual allegations.

CLAIM FOR RELIEF

2. Paragraph 2 contains only allegations of damages, which require no response from Defendant.

PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. Paragraph 6 contains no factual admissions to which a response is required.

7. Defendant admits that it is a Missouri corporation and that it entered a contract with Allegiant related to the McAllen Miller International Airport. Defendant denies the allegations purporting to summarize the terms of that contract to the extent they conflict with the written document. Defendant denies the remainder of the allegations, if any, contained in Paragraph 7.

## VENUE AND JURISDICTION

8. Defendant admits that the incident as pleaded by Plaintiff arose in McAllen, Hidalgo County, Texas. Defendant does not contest the venue in which this matter is presently pending.

9. The procedural history of this matter is reflected in the Court's records and requires no response. Defendant does not contest this Court's jurisdiction over ATS or this matter.

## FACTS

10. Defendant admits that ATS was informed that Plaintiff requested certain assistance in boarding an aircraft on June 13, 2019, for a flight from McAllen, Texas, to Las Vegas, Nevada. Defendant admits that Plaintiff is and was before June 13, 2019, a quadriplegic. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 10.

11. Defendant admits that ATS employees assisted Plaintiff by pushing the aisle chair from the jet bridge on to the aircraft. Defendant denies any responsibility for or control over Plaintiff's choice of seat on the aircraft or the features of the aircraft. Defendant denies that the ATS employees who assisted in Plaintiff's transfer were not educated, trained, qualified, or experienced in transferring quadriplegic passengers. Defendant denies that the Hoyer lift could be used on the aircraft or is/was approved for use on an aircraft. Defendant denies that it "insisted"

upon the use of the sling/hoist of the Hoyer lift to transfer Plaintiff to his seat and denies that it "insisted" that Plaintiff's brother and father participate in the transfer. Defendant denies that one of the ATS employees "let go of the sling." Defendant denies that it "waited too long to board Plaintiff" and was "in a rush" to do so. To the extent Defendant is required to respond to any additional allegations in Paragraph 11, Defendant denies the remainder of the allegations set forth therein.

12.  Defendant denies the causal allegations in Paragraph 12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12.

## DEFENDANT DENIES LIABILITY BASED ON NEGLIGENCE-HIGH DEGREE OF CARE OF A COMMON CARRIER AND PROXIMATTI CAUSE

13.  To the extent that Paragraph 13 asserts allegations pertaining to or against ATS, they are denied. Defendant specifically denies that it is a "common carrier."

## DEFENDANT DENIES LIABILITY BASED ON COMMON LAW NEGLIGENCE AND PROXIMATE CAUSE

14.  To the extent that Paragraph 14 asserts allegations pertaining to or against ATS, they are denied.

## DEFENDANT DENIES LIABILITY BASED ON NEGLIGENCE PER SE AND PROXIMATE CAUSE

15.  To the extent that Paragraph 15 asserts allegations pertaining to or against ATS, they are denied.

## CLAIMED DAMAGES

16.  Paragraph 16 contains only allegations of damages, which require no response from Defendant. To the extent Paragraph 16 makes any factual allegation, Defendant denies same.

## DEFENDANT DENIES LIABILITY FOR GROSS NEGLIGENCE-EXEMPLARY DAMAGES

17. To the extent that Paragraph 17 asserts allegations pertaining to or against ATS, they are denied.

## VICARIOUS LIABILITY

18. Paragraph 18 contains only conclusions of law, which require no response from Defendant. To the extent Paragraph 18 makes any factual allegation(s), Defendant denies same.

## JOINT AND SEVERAL LIABILITY

19. Paragraph 19 contains only conclusions of law, which require no response from Defendant. To the extent Paragraph 19 makes any factual allegation(s), Defendant denies same.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

20. Paragraph 20 contains only allegations of damages, which require no response from Defendant. To the extent Paragraph 20 makes any factual allegation, Defendant denies same.

## REQUEST FOR JURY TRIAL AND JURY FEE

21. Paragraph 21 contains no allegations that require no response from Defendant.

## II.
## AFFIRMATIVE DEFENSES

22. Defendant asserts that Plaintiff's state law and common law claims are barred or preempted by federal law, regulations, or standards, including but not limited to the Federal Aviation Act and the Air Carrier Access Act.

23. Defendant pleads that its conduct complied with applicable laws and industry standards.

24. Defendant asserts that the Plaintiff's damages, if any, were caused, in whole or in part, by persons or entities beyond Defendant's control or employ, which were the proximate cause of such pleaded injuries. Defendant asserts the affirmative defenses of contributory negligence and comparative negligence. Should the Court or jury find that Defendant was negligent or otherwise liable to Plaintiff—which is expressly denied—then Defendant would ask that the judge or jury

limit recovery by any comparative fault of the Plaintiff, responsible third party(s), and the other named or settling defendants.

25. Defendant asserts its right to proportionate responsibility, contribution, comparative fault, indemnity and/or credit pursuant to Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

26. Defendant denies that it is a "common carrier" under Texas law and denies that it is a "carrier" under the Air Carrier Access Act.

27. Defendant denies that it owned or manufactured the subject aircraft. Defendant further denies that it had control or responsibility for maintenance, design, or operation of the aircraft or any equipment therein.

28. Defendants assert that a superseding and/or intervening cause caused or contributed to all or a substantial portion of Plaintiff's alleged damages.

29. Defendant further asserts that the injuries of which Plaintiff complains are the result of pre-existing condition(s) of the Plaintiff.

30. Defendant asserts damages alleged for medical expenses asserted by Plaintiff are limited to the amount actually paid by or on behalf of Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

31. Defendant asserts that Plaintiff did not make reasonable efforts to mitigate his damages, if any.

32. Defendant would show that any award of pre-judgment interest on future damages would deprive Defendant of its property and rights without due process and course of law and would further constitute an excessive and unreasonable fine or penalty prohibited by the Texas and United States Constitutions. Defendant further alleges that Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- ART. 5069-1.05 § 6, TEX. R. CIV. STAT.;
- CHAPTER 304, TEX. FIN. CODE; and
- CHAPTER 41, TEX. CIV. PRAC. & REM. CODE.

33. Defendant asserts that, to the extent Plaintiff is alleging loss of earning capacity, Defendant would show that such recovery is limited to post-tax earnings or net earnings figured pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code and other applicable statutes and/or case law.

34. Pleading further, alternatively, and by way of affirmative defense, Defendant pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Defendant pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

35. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the imposition of punitive damages sought by Plaintiff violates Defendant's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, Sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, Section 13 of the Texas Constitution, in that:

(a) Texas law and the Texas punitive-damage scheme, both facially and as applied in this case, provides no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive-damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b) Defendant had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c) Under Texas law and the Texas punitive-damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d) Under Texas law and the Texas punitive-damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a party.

(e) No provision of Texas law or the Texas punitive-damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of*

*North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

(f) Texas law and the Texas punitive-damage scheme do not provide for adequate post-trial review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review.

(g) Texas law and the Texas punitive-damage scheme do not provide for adequate appellate review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, Section 6 of the Texas Constitution and Section 22.225 of the Texas Government Code.

(h) In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive-damage scheme, including Sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, place undue emphasis on a party's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

(i) Under Texas law and the Texas punitive-damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

36. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that by virtue of Section 41.008 of the Texas Civil Practice and Remedies Code, any award

of punitive damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

Dated: <u>April 18, 2022</u>.

                                                  Respectfully submitted,

By: _____
**DAVID A. JOHNSON**
Texas Bar No. 24032598
djohnson@cowlesthompson.com
(214) 672-2186
(214) 672-2386 (Fax)
**HELEN H. EMERSON**
Texas Bar No. 24092556
hemerson@cowlesthompson.com
(214) 672-2108
(214) 672-2308 (Fax)

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of April, 2022, a true and correct copy of the foregoing document was delivered via electronic service to all counsel of record.

                                                  */s/David A. Johnson*
                                                  **DAVID A. JOHNSON**