UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **FILIBERTO J. GARZA MORENO,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § § | Case No. 7:21-cv-00247 |
| **ALLEGIANT TRAVEL COMPANY, ALLEGIANT AIR LLC, AND AIRPORT TERMINAL SERVICES INC.,** | § § § § | |
| **Defendants.** | § § | |

## DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Allegiant Travel Company and Allegiant Air LLC (collectively "Allegiant") and Defendant Airport Terminal Services, Inc. ("ATS") file the following Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), requesting judgment on the pleadings as to Plaintiff's claim for negligence per se. In support thereof, Defendants would respectfully show the Court as follows:

### Summary

Plaintiff's claim for negligence per se is based upon the Air Carrier Access Act, a federal nondiscrimination statute. However, his claim must fail because that statute establishes no private cause of action and is the subject of a comprehensive regulatory scheme that provides an administrative remedy. Under the reasoning of recent decisions of the Fifth Circuit and lower courts, <u>including this Court</u>, and clear Texas law, this statute cannot provide a basis for a negligence per se claim as a matter of law. Accordingly, the Court should grant judgment on the pleadings on Plaintiff's claim for negligence per se.

### Background

Plaintiff is a quadrepalegic and disabled. (First Amended Complaint, Dkt. 28, at 3, ¶ 10). On June 13, 2019, Plaintiff was preparing to take a flight from McAllen, Texas to Las Vegas,

1

Nevada on an Allegiant flight. (Dkt. 28 at 3, ¶ 10). Plaintiff alleges that "Defendants", which include Allegiant and ATS, placed him an aisle wheelchair and pushed him onto the airplane, and proceeded to assist him in moving to a seat on board. (Dkt. 28 at 4, ¶ 11). Plaintiff alleges that when he was lifted from the wheelchair to the seat, Plaintiff fell as a result of the actions of "Defendants" and was injured when he struck an armrest. (Dkt. 28 at 4-5, ¶ 11). He alleges various injuries as a result. (Dkt. 28 at 5-6, ¶ 12).

Plaintiff subsequently filed this action, and asserts three causes of action: (1) negligence based on the high degree of care applicable to a common carrier; (2) common law negligence; and (3) negligence per se (Dkt. 28 at 6-11, ¶¶ 13-15). As to negligence per se, Plaintiff alleges:

> 15. At the time that is material to the incident described hereinabove and this case, Defendants failed to comply with U.S. Department of Transportation 14 CFR Part 382 Nondiscrimination on the Basis of Disability in Air Travel, Subpart B, §382.ll(a)(l), §382.15, §382.23, §382.33(b)(3)(5), §382.38(a)(1)(2), §383.39(a)(1)(2), §382.40a, Subpart E, §382.61, §382.71, Subpart F §382.81(a)(b), §382.83, Subpart G §382.93, §382.95, §382.101, Subpart H, §382.lll(a), Subpart J §382.141(a)(l)(i)(ii)(iii)(2)(5)(6), and §382.145. In this regard, Defendants were negligent per se, and this negligence per se was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out herein.

(Dkt. 28 at 10-11, ¶ 15). ATS denies that it is a "common carrier" or a "carrier" under the Air Carrier Access Act. (Dkt. 30 at 5, ¶ 26).

Defendants move for judgment on the pleadings on this claim because a negligence per se claim under these federal regulations is not viable as a matter of law.

### **Arguments and Authorities**

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(c) motion for judgment on the

2

pleadings, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require " 'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

Plaintiff's negligence per se claim is based entirely upon 14 C.F.R. Part 382, governing "Nondiscrimination on the Basis of Disability in Air Travel", which consists of the implementing regulations for the Air Carrier Access Act ("ACAA"). *See generally* 49 U.S.C. § 41705; 14 C.F.R. § 382.1. However, in *Stokes v. Southwest Airlines*, 887 F.3d 199 (5th Cir. 2018), the Fifth Circuit directly held that "[t]he ACAA confers no private right to sue in federal district court." *Id.* at 203. "[A]lthough the ACAA prohibits airlines from discriminating on the basis of disability, it 'does not expressly provide a right to sue the air carrier.'" *Id.* at 202 (quoting *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011)). Instead, "the ACAA combines with other federal aviation statutes to form a comprehensive *administrative* scheme 'designed to vindicate fully the rights of disabled persons.'" *Id.* at 202-03 (quoting *Lopez*, 662 F.3d at 597) (emphasis in original). That administrative procedure lays out the specific rights and remedies that plaintiff can invoke and seek. *Id.* at 203 (citing statutory provisions). "Notably absent from this scheme, however, is a private right to sue in a federal district court." *Id.* (quoting *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002)) (internal quotations omitted).

Through *Stokes*, the Fifth Circuit aligned itself with "every federal court to reach the issue" since the Supreme Court's decision in *Alexander v. Sandoval*, 532 U.S. 275 (2001), and "held that the ACAA's text and structure preclude a private cause of action." *Id.* at 202. Indeed, this Court relied on *Stokes* and held as much in *Alvarado v. Allegiant Travel Co.*, No. 7:20-CV-00308, 2020 WL 6869996 (S.D. Tex. Nov. 20, 2020), in dismissing claims brought by a plaintiff against Allegiant under the ACAA. *Id.* at *2.

Rather than bringing a direct cause of action under the ACAA, Plaintiff alleges violations of regulations promulgated under the ACAA to support a cause of action for negligence per se. (Dkt. 28 at 10-11, ¶ 15). However, even assuming arguendo that the ACAA applies to all Defendants[1], because there is no right to a private cause of action under the ACAA, this statute cannot serve as a basis for a claim of negligence per se under clear Texas law. "Negligence per se is a common law doctrine whereby the courts establish the duty of care owed to third parties by reference to 'a penal statute rather than on the reasonably prudent person test used in pure negligence claims.'" *Powell v. Keeley*, 795 F. Supp. 2d 587, 592 (S.D. Tex. 2011) (quoting *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997)). However, "[u]nder Texas law, when a legislative body declines to provide for an individual private right of action in a statute and instead provides a comprehensive regulatory scheme with limited private remedies, that statute will not be an appropriate basis for a negligence per se claim." *Armstrong v. Southwest Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4391247, at *3 (N.D. Tex. Sept. 24, 2021) (citing *Smith*, 940 S.W.2d at 607-08; *Reeder v. Daniel*, 61 S.W.3d 359, 362-63 (Tex. 2001)). "To determine whether a given statute may be the basis for a negligence per se claim, Texas courts must 'consider whether recognizing such an accompanying civil action would be inconsistent with legislative intent.'" *Id.* (quoting *Reeder*, 61 S.W.3d at 362). Thus, "Texas courts 'will not disturb the

---

[1] As stated above, ATS denies that it is a "carrier" under the ACAA.

4

Legislature's regulatory scheme by judicially recognizing a cause of action' not contemplated in the statute." *Id.* (quoting *Reeder*, 61 S.W.3d at 364).

The Fifth Circuit and this Court have both confirmed that there is a "comprehensive regulatory scheme with limited private remedies" under the ACAA. *Stokes*, 887 F.3d 199; *Alvarado*, 2020 WL 6869996 at *2. This renders a negligence per se claim under the ACAA unavailable under Texas law, which *Armstrong* recently confirmed. The plaintiff in *Armstrong* brought a negligence per se claim under the ACAA arising out of an airline's employees' mishandling of a wheelchair. *Armstrong*, 2021 WL 4391247 at *1. After describing the ACAA's regulatory scheme that was recognized in *Stokes*, the *Armstrong* court found that "the ACAA is not a proper basis for a negligence per se claim under Texas law." *Id.* at *2-*4. The *Armstrong* court noted that "[f]ederal courts interpreting Texas law have refused to allow negligence per se claims that conflict with legislative intent." *Id.* at *4. Because the ACAA "contains no private right of action" and "forms a comprehensive regulatory scheme, enforced by a government agency, that explicitly limits the actions of private litigants to a few exclusive remedies", the *Armstrong* court determined that "the ACAA evinces a Congressional intent to disallow private rights of action not invluded in the statute—including negligence per se." *Id.* "Thus, allowing a negligence per se claim based on the ACAA would violate the Texas law requirement that a negligence per se claim respect the legislative intent of the underlying statute." *Id.* Holding that permitting a negligence per se claim for violations of the ACAA would create a private cause of action that would disturb the intent of Congress, the *Armstrong* court granted judgment on the pleadings as to the plaintiff's claim for negligence per se based on the ACAA. *Id.*

*Armstrong* is directly on point, and this Court should follow its sound reasoning and reach the same result. Plaintiff's cause of action for negligence per se is based on a statute that allows no private cause of action and has specific and comprehensive administrative methods of

5

obtaining relief. *Stokes*, 887 F.3d 199; *Alvarado*, 2020 WL 6869996 at *2. Permitting a cause of action for negligence per se under the ACAA would violate the Supreme Court of Texas' clear prohibition on the creation of private causes of action where none is available under a statute in contravention of legislative intent. *Smith*, 940 S.W.2d at 607-08; *Reeder*, 61 S.W.3d at 362-63. As in *Armstrong*, the Court should reject Plaintiff's attempt to raise a legally unavailable private cause of action under the ACAA through negligence per se, and grant judgment on the pleadings on this claim.

## Conclusion and Prayer

WHEREFORE, Defendants Allegiant Travel Company Allegiant Air LLC, and Airport Terminal Services, Inc. respectfully request that the Court grant this Motion, and issue judgment on the pleadings as to Plaintiff's cause of action for negligence per se.

Dated: June 13, 2022                      Respectfully submitted,

*/s/ Don Swaim*
Don Swaim
Texas Bar No. 19545200
Alex J. Whitman
Texas Bar No. 24105506
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Phone: 214-646-1495
Facsimile: 214-613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANTS ALLEGIANT TRAVEL COMPANY AND ALLEGIANT AIR, LLC**

**AND**

*/s/ David A. Johnson*
**DAVID A. JOHNSON**
Texas Bar No. 24032598
djohnson@cowlesthompson.com
**HELEN H. EMERSON**
Texas Bar No. 24092556
hemerson@cowlesthompson.com

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR DEFENDANT AIRPORT TERMINAL SERVICES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon all counsel of record who are registered and authorized to receive service thereof via the CM/ECF system on June 13, 2022.

*/s/ Don Swaim*
Don Swaim