UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FILIBERTO J. GARZA MORENO | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7-21-CV-00247 |
| | § | |
| | § | |
| ALLEGIANT TRAVEL COMPANY, | § | |
| ALLEGIANT AIR LLC, AND AIRPORT | § | |
| TERMINAL SERVICES INC. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES Filiberto J. Garza Moreno, Plaintiff herein, who makes and files this, his Response to Defendants' Joint Motion for Judgment on the Pleadings, and in support thereof would respectfully show the Honorable Court the following:

## I.
## BACKGROUND

Garza Moreno is disabled, suffering from quadriplegia. Because of his condition, Garza Moreno requires assistance in boarding an airliner. Despite this, the Defendants were responsible for causing Garza Moreno to suffer further severe injuries when they literally dropped Garza Moreno, as he was boarding the airplane.

Garza Moreno sued in Texas state court, and the case was removed to this Federal Court. The Defendants now ask the Court to grant them a judgment on

the pleadings on one of Garza Moreno's claims (for negligence per se), pursuant to Federal Rule of Civil Procedure 12(c). The logic of the Defendants' request is that: (1) there is no private cause of action for their violations of the Air Carrier Access Act; and (2) accordingly, the Defendants' multiple violations of the ACAA cannot be the basis of a claim of negligence per se.

As will be set forth below, even if both of the Defendants' legal arguments are true, the conclusion they draw — that Garza Moreno has no claim for negligence per se — does not follow, and the Defendants' Motion should therefore be denied.

## II.
## APPLICABLE STANDARDS

### A. Rule 12(c)

The Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. Pro. 12(c); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). The relief sought must be based on the pleadings and any attachment thereto, as well as any fact subject to judicial notice. *Linicomm v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018). If a request for relief under Rule 12(c) is based on anything else, it should instead be treated as a request for summary judgment under Rule 56. Fed. R. Civ. Pro. 12(d); *Magee v. Reed*, 912 F.3d 820, 823 (5th Cir. 2019). If not, it is decided using the same standards used to determine a Rule

12(b)(6) motion. *Walker*, 938 F.3d at 734; *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).

B. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the "central issue" is whether the complaint, viewed in a light favorable to the plaintiff, states a claim for relief. Fed. R. Civ. Pro. 12(b)(6); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). When a complaint provides fair notice of the plaintiff's claims and the facts alleged sufficiently show a plausible claim for relief, then the requirements of Rule 12(b)(6) have been met. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

In order to survive a Rule 12(b)(6) motion, a plaintiff needs only plead a short and plain statement of facts showing entitlement to relief, *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010), setting out "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). The Supreme Court has elaborated on the dismissal standard, stating "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677; *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018). This means "a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that

when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotations omitted), but "the complaint may survive a motion to dismiss even if recovery seems 'very remote and unlikely.'" *Innova Hosp. San Antonio*, 892 F.3d at 726 (*citing Iqbal*, 556 U.S. at 678).

Although *Iqbal* and *Twombly* heightened the pleading standard to one of plausibility, they did not change the long-held principle that the facts in the complaint must be assumed true, *Doe v. Columbia-Brazoria Indep. Sch. Dist. ex rel. Bd. of T'ees*, 855 F.3d 681, 686 (5th Cir. 2017), and courts must indulge all inferences in favor of plaintiffs. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 739 (2018); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). If the factual allegations are plausible, the court cannot decide disputed fact issues. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007); *Twombly,* 550 U.S. at 555-56. Finally, motions to dismiss are still disfavored, and should be granted only rarely, even post-*Iqbal*. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011); *Lormand*, 565 F.3d at 232; *Hack v. Wright*, 396 F.Supp.3d 720, 747 (S.D. Tex. 2019).

## III.
## ARGUMENTS AND AUTHORITIES

### A. The Defendants' Arguments

The Defendants' arguments in their Motion are very simple. They assert:

1. that Garza Moreno's negligence per se claim is based on violations of various regulations enacted pursuant to the Air Carrier Access Act, Doc. 31 at 2-3;

2. that the Fifth Circuit has held that the ACAA does not give rise to a private cause of action for violation of its terms, *Id.* at 3 (*citing Stokes v. Southwest Airlines*, 887 F.3d 199 (5th Cir. 2018)); and

3. that Texas law provides that when a statute does not create a private right of action, no claim for negligence per se may be brought based on a violation of the statute's provisions, or associated regulations. Doc. 31 at 4-5 (*citing Smith v. Merritt*, 940 S.W.2d 602 (Tex. 1997) *and Armstrong v. Southwest Airlines*, 3:20-CV-3610-BT, 2021 WL 4391247 (N.D. Tex. Sept. 24, 2021).

The Defendants' assertions of fact, and legal citations, are all correct. What is incorrect is the conclusion they draw, that lack of a private cause of action necessarily precludes a negligence per se claim. This is not the law, and so the Motion should be denied.

B. Negligence Per Se Claims Under Texas Law

The Defendants' understanding of Texas law is based on the Texas Supreme Court's decision in Smith v. Merritt. *Smith* was a personal injury case arising out of a collision, involving claims of negligence per se based on violations of regulations under the Texas Alcoholic Beverage Code governing underage drinking. *Smith*, 940 S.W.2d at 604. As the Defendants note, the Supreme Court held that these regulatory violations could not be used to support a negligence per se claim. *Id.* at 607-08. The reason it did so is material:

> In determining whether a penal statute creates an appropriate standard of care, we may consider whether the adoption of such a standard would be inconsistent with legislative intent.
>
> Section 106.06 is located in Title 4 of the TABC, entitled "Regulatory and Penal Provisions," and provides criminal penalties for providing an alcoholic beverage to a person under the age of twenty-one. In contrast, Chapter 2 establishes civil liability for serving alcohol. By

> enacting Chapter 2 separately from Chapter 106, and thereby establishing a bifurcated civil and criminal liability scheme, the Legislature manifested its intent that Chapter 2 should serve as the sole basis of civil liability for serving alcohol to persons aged eighteen to twenty.
>
> We also find significant the Legislature's expressed intention to preclude Chapter 106 from serving as a basis for negligence per se. Section 2.03 clearly states that Chapter 2 "provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older." That section further mandates that liability under Chapter 2 "is in lieu of common law or other statutory law warranties and duties of providers of alcoholic beverages." Thus, under Chapter 2, civil liability for alcohol providers, as defined in section 2.01, is in lieu of any negligence per se cause of action, even when the provider serves alcohol to a person aged eighteen to twenty.
>
> *Id.* at 607-08 (internal citations omitted).

*Smith* did not announce a rule saying that the lack of a private cause of action under a statute necessarily precludes a negligence per se claim. This is not the law, *see, e.g., Bryant v. CIT Gp./Consumer Finance*, H-16-1840, 2018 WL 1740075 at * 7 (S.D. Tex. Apr. 11, 2018) ("[Plaintiff] correctly notes that a negligence per se claim cannot be defeated solely because the statute does not provide a private right of action ..."), and the existence of a private right of action is not even one of the elements courts are charged with considering in deciding whether to allow a negligence per se claim to proceed. *Perry v. S.N.*, 973 S.W.2d 301, 309 (Tex. 1998); *Cerda v. RJL Entertainment, Inc.*, 443 S.W.3d 221, 227 (Tex. App. — Corpus Christi 2013, pet. denied); *Davis v. Union Pac. R.R. Co.*, B:12-212, 2015 WL 12768697 at * 4-5 (S.D. Tex. Oct. 2, 2015).

Instead, *Smith* held that whether such a claim is allowed must be determined with reference to the statute in question. In *Smith*, the answer was "no," because

the statute made clear that the sole claim available was a statutory dram shop claim, and so allowing a negligence per se claim based on the regulatory violations would be contrary to this express statutory limitation. *Id.* at 608. Other courts reach similar conclusions under similar facts, when the intent of the statute at issue is similarly clear. *See, e.g., Trimble v. Millwood Hosp.*, 420 F.Supp.3d 550, 557-58 (N.D. Tex. 2016) (refusing to allow negligence per se claim, when statute in question contained provision creating sole basis for civil liability in different part of the statute than part containing legal requirements that were violated).

Contrast the facts of *Smith* with the facts of this case. The Fifth Circuit has held that violations of the ACAA do not give rise to any private right of action, *Stokes*, 887 F.3d at 203, meaning the ACAA (unlike the Texas Alcoholic Beverage Code) does not have any statutorily-mandated cause of action that would be undermined by allowing a negligence per se claim. The lack of any expressly available cause of action (be it created by statute or allowed under the common law) should weigh in favor of allowing a negligence per se claim — allowing a negligence per se claim was unnecessary in *Smith* because the injured parties had a statutory claim to pursue, which is not the case under the ACAA. Moreover, while the ACAA did not create a private right of action, actions of negligence per se are well recognized, and for *Smith* to preclude such a claim as a matter of law it would have to be clear from the ACAA that an exclusion of such claims was specifically intended. *Stokes* did not hold this was the case, and the Defendants' Motion cites no such evidence, nor makes such an argument. Without such clarity,

the Defendants are not entitled to the relief they seek.

In reaching a contrary conclusion, the primary authority relied on by the Defendants did not address these arguments. Instead, it worked from the assumption that *Smith* precludes negligence per se claims any time there is a statute that does not provide for a private right of action, and establishes a "comprehensive regulatory scheme with limited private remedies." *Armstrong* at * 3. As set forth above, that is not the case here, especially since the ACAA (and not the Dram Shop Act) provides *no* private remedies at all to those injured by the failure to obey its mandates. Nor does the court in *Armstrong* address any of the specific elements to be considered when the question is whether negligence per se claims should be allowed, instead seeming to assume the result based on the existence of a regulatory regime (a necessity for any negligence per se claim) and the lack of a private right of action. Finally, the other authority on which *Armstrong* relies does not change this analysis; much of it appears to be a stretch to find authority supporting its point. For example, *Armstrong* cites a non-precedential Texas state district court judgment for the statement that allowing negligence per se claims for violation of the statute at issue would be "inconsistent with ... legislative intent" because of the lack of a private right of action, but fails to note the appellate decision affirming this judgment (unpublished under prior Texas Rule of Appellate Procedure 47.7, and therefore also not precedential) specifically refused to affirm the district court on this point, finding it was unnecessary to address the issue. *Id.* at * 3 (*citing, but not quoting, McMahon v. Smith & Nephew*

*Richards, Inc.*, 14-99-00616-CV, 2000 WL 991697 (Tex. App. — Houston [14th Dist.] July 20, 2000, no pet.) (not designated for publication)). For all these reasons, the Court is not bound by *Armstrong*, and should refuse to follow it.

C. A Contrary Example

Finally, if Garza Moreno is correct, logic would dictate that he can provide an example of a case where there is a statute that does not give rise to a private cause of action, but which has been found to nevertheless allow a negligence per se claim. Garza Moreno can provide just such an example — the violation of OSHA safe workplace regulations.

It is settled law that violations of OSHA workplace safety regulations do not give rise to any private right of action that may be brought by an injured worker. *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231, 1238 (5th Cir. 1982); *Jeter v. St. Regis Paper Co.*, 507 F.2d 131, 134 (5th Cir. 1975); *Sinegal v. Ryan Marine Svcs.*, 712 F.Supp.2d 597, 608 (S.D. Tex. 2008). However, despite this, it is equally-well settled that violations of OSHA regulations can support a negligence per se claim. *Rabon*, 672 F.2d at 1238; *Bryant* at * 7. If violation of OSHA safety regulations can support a negligence per se claim by an injured worker, then violations of ACAA regulations intended to protect airline passengers like Garza Moreno, can also.

Wherefore, premises considered, Garza Moreno prays that the Defendants' Motion be in all respects DENIED, for the reasons set forth herein.

Garza Moreno prays for such other and further relief, general or special, in law or in equity, to which he may prove himself to be justly entitled.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

/s/ ***Michael J. Cisneros***
MICHAEL J. CISNEROS
State Bar No. 00793509
Southern District Bar No.: 19522
ARTURO CISNEROS
State Bar No. 00789224
Southern District Bar No.: 19521
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I, Michael J. Cisneros, hereby certify that on this 29th day of June, 2022, a true and correct copy of Plaintiff's Response to Defendants' Joint Motion for Judgment on the Pleadings was sent to counsel for Defendants via electronic mail.

/s/ ***Michael J. Cisneros***
MICHAEL J. CISNEROS