# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

FILIBERTO J. GARZA MORENO, §
§
          **Plaintiff,** §
§
v. §
§     Case No. 7:21-cv-00247
§
ALLEGIANT TRAVEL COMPANY, §
ALLEGIANT AIR LLC, AND AIRPORT §
TERMINAL SERVICES INC., §
§
          **Defendants.** §

## DEFENDANTS' REPLY IN SUPPORT OF
## JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Allegiant Travel Company and Allegiant Air LLC (collectively "Allegiant")

and Defendant Airport Terminal Services, Inc. ("ATS") file this Reply in Support of their

Motion for Judgment on the Pleadings (Dkt. 31).

## Summary

Plaintiff's claim for negligence per se based on the Air Carrier Access Act ("ACAA")

fails as a matter of law. Despite Plaintiff's denials, the Fifth Circuit has explained that the ACAA

does provide Plaintiff with an administrative remedy and explicitly held that Congress did not

intend to provide Plaintiff with a private cause of action. Under Texas law, the ACAA cannot be

used to circumvent or undermine the legislature's intent through a negligence per se claim.

Plaintiff's attempt to equate the ACAA to OSHA also fails because a statute can only serve as

the basis for a negligence per se claim when Plaintiff's injury is of a type that the statute is

designed to prevent. While OSHA is intended to protect employees from personal injury in the

workplace, the ACAA is designed to prevent discrimination, not personal injuries like those

Plaintiff alleges. Defendants' Motion should be granted.

**Arguments and Authorities**

Plaintiff first attempts to distinguish his negligence per se claim under the ACAA from

the one barred in *Smith v. Merritt*, 940 S.W.2d 602 (Tex. 1997), which held that a negligence per

se claim was unavailable under the Texas Alcoholic Beverages Code ("TABC") because the

statute established a civil cause of action. (Dkt. 32 at 5-7). This argument fails.

Plaintiff asserts that because the TABC created an exclusive civil cause of action, and the

ACAA does not, a negligence per se claim under the ACAA should be permitted. (Dkt. 32 at 7).

However, this ignores what both the Fifth Circuit and this Court have recognized: <u>Plaintiff does</u>

<u>have a remedy under the ACAA</u>. While passengers such as Plaintiff cannot file a civil suit under

the ACAA, they have an administrative remedy:

- Rather than suing airlines directly, aggrieved passengers are to notify the [Department of Transportation], 49 U.S.C. § 46101(a), which "shall investigate each [ACAA] complaint," *id.* § 41705(c)(1).
- If, after an investigation and hearing, the DOT finds an ACAA violation, it *must* issue an order compelling compliance, *id.* § 46101(a)(4), and may further revoke the airline's air carrier certificate, *id.* § 41110(a)(2)(B), or impose civil penalties of up to $25,000 for each act of discrimination, *id.* §§ 41705(b), 46301(a)(1)(A) & (c)(1)(A).
- The DOT may then enforce these orders by filing *its own* civil action in district court, *id.* § 46106, or by requesting that the Department of Justice do the same, *id.* § 46107(b)(1)(A).
- The DOT must also "publish disability-related complaint data" and "report annually to Congress" on "all complaints received." *Id.* § 41705(c)(2)–(3).
- Finally, persons with a "substantial interest" in a DOT enforcement order may seek judicial review by petitioning a federal court of appeals, *see id.* § 46110, arguably allowing aggrieved passengers to compel DOT investigations[.]

*Stokes v. Southwest Airlines*, 887 F.3d 199, 203 (5th Cir. 2018); *accord Alvarado v. Allegiant*

*Travel Co.*, No. 7:20-CV-00308, 2020 WL 6869996, at *2 (S.D. Tex. Nov. 20, 2020).

In finding there is no private right of action under the ACAA, the Fifth Circuit explicitly

characterized this  as a "comprehensive *administrative* scheme 'designed to vindicate fully the

rights of disabled persons.'" *Stokes*, 887 F.3d at 202-03 (quoting *Lopez v. Jet Blue Airways*, 662

F.3d 593, 597 (2d Cir. 2011)) (emphasis in original). Thus, Plaintiff's claim that the "the ACAA (and not the [TABC]) provides *no* private remedies at all to those injured by the failure to obey its mandates" is false. (Dkt. 32 at 8) (emphasis in original). The ACAA provides Plaintiff with a remedy, but it is through an administrative claim, not a civil cause of action.

Plaintiff's attempt to distinguish *Smith* is thus inapposite. On the contrary, *Smith* stated that the key consideration is "whether the adoption of [a regulation's] standard [for a negligence per se claim] would be inconsistent with legislative intent." *Smith*, 940 S.W.2d at 607. Plaintiff claims that for a negligence per se claim to be barred under *Smith*, "it would have to be clear from the ACAA that an exclusion of such claims was specifically intended", and asserts that "*Stokes* did not hold this was the case". (Dkt. 32 at 7). That is clearly untrue. *Stokes* unambiguously held that the ACAA's legislative intent was clear: "Congress's creation of specific means of enforcing the statute indicates that it did *not* intend to allow an additional remedy—a private right of action—that it did not expressly mention at all." *Stokes*, 887 F.3d at 203 (quoting *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1269-70 (10th Cir. 2004)) (emphasis in original).

Thus, allowing the ACAA to serve as the basis for a negligence per se claim would contradict what the Fifth Circuit (and every federal appellate court to address the question) held *was* the legislative intent of Congress. *See id.* at 202-03 (citing *Lopez*, 662 F.3d at 597-98; *Boswell*, 361 F.3d at 1269-70; *Love v. Delta Air Lines*, 31 F.3d 1247, 1354-59 (11th Cir. 2002)). Under *Smith* and its progeny, because Congress did not intend for disabled passengers to bring civil causes of action under the ACAA, it cannot serve as a basis for a negligence per se claim. Permitting Plaintiff to assert this claim would be inconsistent with the Fifth Circuit's reasoning in *Stokes*, and it should be dismissed.

Plaintiff cites to *Trimble v. Millwood Hosp.*, 420 F. Supp. 3d 550 (N.D. Tex. 2016), for the proposition that statutory intent needs to be clear to support a negligence per se claim based on regulatory violations. (Dkt. 32 at 7). But *Trimble* actually shows why Defendants' Motion should be granted. In *Trimble*, the relevant statutes were either not penal in nature, precluding a negligence per se claim, or could be enforced through a specific statute permitting civil liability. *Trimble*, 420 F. Supp. 3d at 557-58. The *Trimble* court held that, given the interplay of these statutes, the availability of a statutory remedy, and the apparent intent of the legislature, a negligence per se claim was unavailable. *Id.* at 558. Here, as in *Trimble*, there is a specific set of statutes and regulations that allow for individuals such as Plaintiff to obtain relief through an administrative claim, and the Fifth Circuit, this Court, and other courts have repeatedly found that Congress did not intend to create a remedy beyond that comprehensive regulatory scheme. *Stokes*, 887 F.3d at 202-03; *Lopez*, 662 F.3d at 597-98; *Boswell*, 361 F.3d at 1269-70; *Love*, 31 F.3d at 1354-59; *Alvarado*, 2020 WL 6869996, at *2. As in *Trimble*, this precludes a claim for negligence per se as a matter of law.

Plaintiff's attempt to avoid the impact of *Armstrong v. Southwest Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4391247 (N.D. Tex. Sept. 24, 2021), also fails. (Dkt. 32 at 8). The *Armstrong* court addressed this exact same issue and properly applied Texas law on negligence per se to find that the ACAA, with its lack of a private cause of action and a "comprehensive regulatory scheme, enforced by a governmental agency, that explicitly limits the actions of private litigants to a few exclusive remedies . . . evinces a Congressional intent to disallow private rights of action not included in the statute—including negligence per se." *Id.* at *4. This conclusion is consistent with both Texas law and the Fifth Circuit's binding interpretation of legislature's intent in enacting the ACAA. While Plaintiff attacks one of the cases *Armstrong*

relied upon, *Baker v. Smith & Nephew Richards, Inc.*. 1999 WL 811334, at \*1 (Tex. Dist. Ct. June 7, 1999), *aff'd sub nom.*, *McMahon v. Smith & Nephew Richards, Inc.*, 2000 WL 991697 (Tex. App.—Houston [14th Dist.] July 20, 2000, no pet.), as unpublished and affirmed on different grounds, this is still persuasive authority, and Plaintiff does not cite a single Texas case where a court approved the use of the ACAA for a negligence per se claim. On the contrary, the only known Texas cases addressing this issue consistently held that the ACAA cannot serve as the basis for a negligence per se claim. *See Armstrong*, 2021 WL 4391247 at \*4; *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 414-15 (N.D. Tex. 2009). This Court should join that consensus.

Finally, Plaintiff resorts to a comparison to OSHA, claiming that because OSHA violations can serve as the basis for a negligence per se claim for an injured worker, so too should ACAA violations for Plaintiff as an injured disabled airline passenger. (Dkt. 32 at 9). However, while OSHA regulations are immaterial to the issues before the Court,[1] a comparison of the nature and purpose of OSHA and the ACAA actually proves Defendants' point.

As one of Plaintiff's cited cases notes, "[t]he threshold questions in every negligence per se case are whether the plaintiff belongs to the class that the statute was intended to protect and

---

[1] Plaintiff's claim that it is "well settled that violations of OSHA regulations can support a negligence per se claim" is inaccurate. (Dkt. 32 at 9). Under Texas law, OSHA violations can sometimes be used as evidence of negligence or the standard a defendant should meet. *See Duncan v. First Tex. Homes*, 464 S.W.3d 8, 20 (Tex. App.—Fort Worth 2015, pet. denied) ("OSHA standards . . . are generally relevant as the cumulative wisdom of the industry on what is unsafe."); *Perez v. Smart Corp., Inc.*, No. 04-12-00712-CV, 2013 WL 6203358, at \*3 (Tex. App.—San Antonio Nov. 27, 2013, pet. denied) ("Generally, OSHA regulations are admissible as being relevant to the standards of conduct that should have been employed by a defendant."). However, "Texas courts have held that the common law duties imposed by state law are not expanded by OSHA regulations." *McClure v. Denham*, 162 S.W.3d 346, 353 (Tex. App.—Fort Worth 2005, no pet.) (citing *Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 468 (Tex. App.—Houston [1st Dist.] 1996, writ denied)); *accord Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 789 (Tex. App.—Dallas 2013, no pet.) ("[I]t is well-established that regulations promulgated under the OSHA statute neither create an implied cause of action nor establish negligence per se."); *Thoele v. Tex. Dep't of Crim. Justice*, No. 10-18-00249-CV, 2020 WL 7687864, at \*5 (Tex. App.—Waco Dec. 22, 2020, no pet.). The cases Plaintiff cites for this proposition, *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231 (5th Cir. Unit B 1982), and *Bryant v. CIT Group/Consumer Fin.*, No. CV H-16-1840, 2018 WL 1740075 (S.D. Tex. Apr. 11, 2018), are inapposite; *Rabon* was governed by Florida substantive law and relied upon maritime cases for this proposition, 672 F.2d at 1233 n.2, 1238 (citing cases), and *Bryant* was not an OSHA case and merely cited *Rabon* to support its explanation of why the plaintiff's allegations of negligence per se in that case could not succeed. *Bryant*, 2018 WL 1740075 at \*7.

whether the plaintiff's injury is of a type that the statute was designed to prevent." *Bryant v. CIT Group/Consumer Fin.*, No. CV H-16-1840, 2018 WL 1740075, at *6 (S.D. Tex. Apr. 11, 2018), (quoting *Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998)) (emphasis added). Plaintiff emphasizes that he is in the class of those meant to be protected by the ACAA, but fails to mention or address the other critical threshold consideration that must be met: that his "injury is of a type that the statute was designed to prevent." *Perry*, 973 S.W.2d at 305. It is not.

In enacting OSHA, Congress stated that its "purpose and policy . . . to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C.A. § 651(b) (emphasis added). When an employee is injured in the workplace as a result of an employer's violation of an OSHA regulation, that can potentially serve as a basis for negligence per se because the plaintiff is part of the intended protected class and the injury was what the statute was aimed at preventing. *Duncan*, 464 S.W.3d at 20; *Perez*, 2013 WL 6203358, at *3.

By contrast, the ACAA is not aimed at protecting individuals from physical injury; it is an *anti-discrimination* statute. The "purpose" of 14 C.F.R. Part 382, the regulatory section upon which Plaintiff's allegations are based, is to "carry out the [ACAA] . . . [which] prohibits both U.S. and foreign carriers from discriminating against passengers on the basis of disability; requires carriers to make aircraft, other facilities, and services accessible; and requires carriers to take steps to accommodate passengers with a disability." 14 C.F.R. § 382.1 (emphasis added). Although Plaintiff is part of the class of people the ACAA is intended to protect, the statute is designed to prevent discrimination against disabled passengers, not physical injury. *Id.* When an injury does not fall within the types of injuries a statute is intended to protect, that statute cannot serve as a basis for a negligence per se claim. *Bryant*, 2018 WL 1740075, at *7.

Another Texas case addressing the ACAA in this context is illustrative. In *Tobin*, the decedent suffered a fatal heart attack after boarding an aircraft, and the plaintiff filed a wrongful death claim against the airline, alleging negligence per se based on violations of the ACAA. *Tobin*, 637 F. Supp. 2d at 410-11. The Court granted summary judgment on the negligence per se claim, holding that "it is clear that Mr. Tobin's attack was entirely different from the harm contemplated by ACAA, which is designed to protect disabled persons from discrimination during air travel." *Id.* at 414. Moreover, "[t]he harms the Tobin family suffered from the death of Mr. Tobin, such as the loss of Mr. Tobin's companionship, are also entirely different from the harms contemplated by the statute." *Id.*

*Tobin*'s reasoning applies equally here, and Plaintiff's invocation of OSHA does not save his negligence per se claim. OSHA regulations can be relevant when a worker suffers a personal injuries because that is exactly what they are intended to prevent. But ACAA regulations have a completely different purpose of preventing discrimination against the disabled. Because the ACAA is not aimed at preventing physical injuries such as Plaintiff's, it cannot serve as the basis for his negligence per se claim. Defendants' Motion should be granted.

## Conclusion and Prayer

For these reasons, Defendants respectfully request that the Court grant this Motion, and issue judgment on the pleadings as to Plaintiff's claim for negligence per se based on the ACAA.

Dated: July 1, 2022                    Respectfully submitted,

/s/ Don Swaim
Don Swaim
Texas Bar No. 19545200
Alex J. Whitman
Texas Bar No. 24105506
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
Phone: 214-646-1495
Facsimile: 214-613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANTS
ALLEGIANT TRAVEL COMPANY AND
ALLEGIANT AIR, LLC**

  **AND**

/s/ David A. Johnson
**DAVID A. JOHNSON**
Texas Bar No. 24032598
djohnson@cowlesthompson.com
**HELEN H. EMERSON**
Texas Bar No. 24092556
hemerson@cowlesthompson.com
**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

**ATTORNEYS FOR DEFENDANT AIRPORT
TERMINAL SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon all counsel of record who are registered and authorized to receive service thereof via the CM/ECF system on July 1st, 2022.

/s/ Don Swaim
Don Swaim