United States District Court
Southern District of Texas
**ENTERED**
July 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FILIBERTO J. GARZA MORENO, § § Plaintiff, § § VS. § § CIVIL ACTION NO. 7:21-cv-00247 ALLEGIANT TRAVEL COMPANY, § ALLEGIANT AIR, LLC, and AIRPORT § TERMINAL SERVICES, INC., § § Defendants. § | |

## **ORDER**

As an initial matter, the Court first addresses the parties' noncompliance with the Federal Rules of Civil Procedure with regard to the instant filings. Rule 7(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[1] Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[2] The motion for judgment on the pleadings and responsive filings do not have numbered paragraphs, hindering the Court's reference to the parties' arguments and evidence. The parties are cautioned that future submissions should contain consistently numbered paragraphs to properly comply with the rules.

The Court now considers "Defendants' Joint Motion for Judgment on the Pleadings."[3] The Court also considers "Plaintiff's Response to Defendats' Joint Motion for Judgment on the

---

[1] FED. R. CIV. P. 7(b)(2).
[2] FED. R. CIV. P. 10(b) (emphasis added).
[3] Dkt. No. 31.

Pleadings"[4] and "Defendants' Reply in Support of Joint Motion for Judgment on the Pleadings."[5] After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendants' motion for judgment on the pleadings.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is a personal injury case arising out of an incident on an Allegiant airplane in McAllen, Texas.[6] Plaintiff maintains Defendants were "made aware of Plaintiff's quadriplegic condition, disability, and need for assistance with boarding the airplane and being placed in seat on the airplane."[7] Plaintiff asserts that he was injured when he fell and struck an armrest as Defendants transferred him from his wheelchair to his seat while boarding the airplane.[8] Plaintiff seeks damages based on claims of negligence, common law negligence, gross negligence, and negligence per se.[9] Defendants' Joint Motion for Judment on the Pleadings requests judgment on the pleadings as to Plaintiff's claim for negligence per se.[10] The motion is ripe for consideration. The Court turns to its analysis.

## II. DISCUSSION

### a. Legal Standard

The Court uses the Federal Rules of Civil Procedure and federal pleading standards to test a complaint.[11] Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed." "[F]or purposes of 12(c), 'the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim,

---

[4] Dkt. No. 32.
[5] Dkt. No. 33.
[6] Dkt. No. 28 at 3-5.
[7] *Id*. at 4.
[8] Dkt. No. 31 (citing Dkt. No. 28 at 4, ¶ 11).
[9] Dkt. No. 28 at 6-11.
[10] Dkt. No. 31 at 1.
[11] *Fonseca v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:20-cv-358, 2020 WL 7497018, at *4 & nn.64, 66 (S.D. Tex. Dec. 21, 2020) (Alvarez, J.); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 201 (5th Cir. 2016).

crossclaim, or third-party claim is interposed.'"[12] Because Plaintiff filed his live pleading in state court[13] and Defendant filed its answer in this Court,[14] a motion for judgment on the pleadings is ripe.[15] A Rule 12(c) motion is analyzed under the Rule 12(b)(6) standard.[16] "[T]he inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[17]

Under Rule 12(b)(6), "[a] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[18] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[20] as not entitled to the assumption of truth,[21] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[22] Naked assertions devoid of factual enhancement, formulaic recitations of the elements of a cause of action, threadbare conclusory statements, and allegations that "do not permit the court to infer more than the mere possibility of

---

[12] *Mandujano v. City of Pharr*, 786 F. App'x 434, 436 (5th Cir. 2019) (per curiam) (quoting 5C ARTHUR R. MILLER & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 1998 & Supp. Apr. 2019)).
[13] *See* Dkt. No. 1-2.
[14] Dkt. No. 3.
[15] *Cf. Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015).
[16] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[17] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).
[18] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[20] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[21] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[22] *Iqbal*, 556 U.S. at 678–79; *see Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

misconduct" will not suffice.[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] The Court reads the complaint as a whole[25] and accepts all well-pleaded facts as true (even if doubtful or suspect[26]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[27]), but will not strain to find inferences favorable to the plaintiff,[28] but also will not indulge competing reasonable inferences that favor the defendant.[29] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[30] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible"[31] because discovery after permitting a complaint to survive a motion to dismiss is not a license to fish for a colorable claim.[32] The complaint must allege more than facts merely consistent with a defendant's liability;[33] the complaint must plead every material point necessary to sustain recovery and dismissal is proper if the complaint lacks a requisite allegation.[34] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable

---

[23] *Iqbal*, 556 U.S. at 678–79.

[24] *Id.*; *see In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quotation omitted) (holding that the "standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements").

[25] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[27] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).

[28] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[29] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[30] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Twombly*, 550 U.S. at 570).

[32] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[33] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

[34] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

claim that is plausible, not to evaluate the plaintiff's likelihood of success."[35] A plaintiff need not plead evidence[36] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession.[37] The Court is to give a liberal construction to the pleadings and disentitle a plaintiff from offering evidence to clarify and support their theories of liability only if there is no basis for liability.[38]

### b. Analysis

Defendants argue that Plaintiff's negligence per se claim under the Air Carrier Access Act should be dismissed because the statute confers no private right of action.[39] The Court agrees.

Plaintiff's sole negligence per se claim is Defendants' alleged violation of 14 C.F.R. § 382 which is enforceable under 49 U.S.C § 41705, the Air Carrier Access Act (ACAA).[40] On this basis, Plaintiff argues that this negligence per se was a proximate cause of the incident.[41] The Fifth Circuit, however, has unequivocally held that "no private right of action exists to enforce the ACAA in district court."[42]

While the statute "prohibits airlines from discriminating on the basis of disability, it does not expressly provide a right to sue the air carrier."[43] The primary remedy for these violations are civil penalties for complaints filed with the Department of Transportation (DOT). "Rather than suing airlines directly, aggrieved passengers are to notify the DOT [of alleged violations] which 'shall

---

[35] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))
[36] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 241 (5th Cir. 2016).
[37] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[38] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").
[39] Dkt. No. 31 at 1.
[40] Dkt. No. 28 at 10-11.
[41] *Id*.
[42] *Stokes v. Sw. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018).
[43] *Id*. (citing *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011)) (internal quotations omitted).

investigate each [ACAA] complaint.'"[44] If, after investigation and hearing, the complaint is substantiated, the DOT may impose a civil penalty to be paid to the United States government, not the complainant.[45] "Notably absent from this scheme, however, is a private right to sue in a federal district court."[46] Furthermore, "every federal court to reach the issue has held that the ACAA's text and structure preclude a private right of action."[47]

As Plaintiff is not entitled to a private right of action under the ACAA as a matter of law, his negligence per se claim must be dismissed. Accordingly, the Court **GRANTS** Defendants' motion.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendants' motion[48] and **DISMISSES** Plaintiff's negligence per se claim. The remaining claims in this case are Plaintiff's "Cause of Action Based on Negligence-High Degree of Care of a Common Carrier and Proximate Cause"[49] and "Alternative Cause of Action Based on Common Law Negligence and Proximate Cause."[50]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 22nd day of July 2022.

_____
Micaela Alvarez
United States District Judge

---

[44] *Id*. at 203 (quoting 49 U.S.C. § 46101(a) & § 41705(c)(1)).
[45] *Id*.; 49 U.S.C. 46301(a)(1).
[46] *Stokes*, 887 F.3d at 203 (internal quotations and citation omitted).
[47] *Id.* at 202 (internal citations omitted).
[48] Dkt. No. 31.
[49] Dkt. No. 28 at 6.
[50] *Id*. at 8.