# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **FILIBERTO J. GARZA MORENO,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | Case No. 7:21-cv-00247 |
| § | |
| **ALLEGIANT TRAVEL COMPANY,** § | |
| **ET AL.,** § | |
| § | |
| **Defendants.** § | |
| § | |

## DEFENDANTS ALLEGIANT TRAVEL COMPANY AND ALLEGIANT AIR LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Allegiant Travel Company and Allegiant Air LLC (collectively "Allegiant") file the following Motion for Partial Summary Judgment, and would respectfully show the court as follows:

## Summary of Motion

1. Plaintiff was allegedly injured when he fell as two employees of Defendant Airport Terminal Services, Inc. ("ATS") attempted to assist two of Plaintiff's family members in transferring him from a wheelchair to his seat on an Allegiant aircraft. Among other things, Plaintiff asserts a claim for gross negligence/exemplary damages against both Allegiant and ATS.

2. To establish his claim, Plaintiff must prove by clear and convincing evidence both prongs of gross negligence: the objective prong (that an act or omission of Allegiant involved an extreme degree of risk) and the subjective prong (that Allegiant had actual subjective awareness of the risk but nevertheless proceeded with conscious indifference). As a matter of law, Plaintiff cannot raise a genuine issue of material fact as to either prong. Allegiant is therefore entitled to summary judgment on Plaintiff's gross negligence/exemplary damages claim.

## Factual and Procedural Background

3. Allegiant operates an airline out of numerous locations, including McAllen Miller International Airport in McAllen, Texas. (Dkt. 28 at ¶ 7). Allegiant entered into a contract with Defendant Airport Terminal Services, Inc. ("ATS") to provide virtually all of its customer-related services ("Services Agreement") at the McAllen airport. (Ex. 1, Services Agreement). Among other things, ATS is responsible for management of the entire boarding process. (Ex. 1 at Ex. A, § 2.2.13(g)). ATS is also responsible for providing wheelchair services to passengers requiring such assistance. (Ex. 1 at Ex. A, § 2.1.3(b)(8); Ex. 2, Rodriguez Depo., at 29:16-30:1).

4. Under the terms of the Services Agreement, ATS is "responsible for recruiting, training, supervision, and management of all employees and/or subcontractors involved in the provision of Services under th[e] [Services] Agreement." (Ex. 1 at § 4.01). ATS is also responsible for "arrang[ing] for special equipment…[and] provid[ing] specially trained personnel, for assistance to…ADA passengers and/or customers requesting wheelchair assistance". (Ex. 1 at Ex. A, § 2.1.3(b)(2)).

5. Plaintiff is a quadriplegic. (Dkt. 28 at ¶ 10). On June 13, 2019, Plaintiff was preparing to travel from McAllen, Texas to Las Vegas, Nevada on an Allegiant flight. (Dkt. 28 at 3, ¶ 10). Pursuant to its obligations under the Services Agreement, ATS provided wheelchair and boarding assistance to Plaintiff. (Ex. 2 at 7:24-10:6, 29:16-30:1).

6. Plaintiff was originally assigned to sit in a seat that was equipped with a movable armrest. (Ex. 3, F. Garza Moreno Depo., at 108:2-6; Ex. 4, Safety Event Report, at 2; Ex. 5, Flight Records). However, Plaintiff requested to be moved to a bulkhead seat. (Ex. 4 at 2). Under the terms of the Air Carrier Access Act ("ACAA"), Allegiant is prohibited from excluding passengers with a disability from sitting in any particular seat. 14 C.F.R. § 382.87. Accordingly, Plaintiff's

request was accommodated and he was reassigned to seat 3D. (Ex. 4 at 2). Unlike the seat to which he was originally assigned, however, the seat to which Plaintiff requested to be moved did not have moveable armrests. (Ex. 2 at 61:10-62:3).

7. Two ATS employees and two of Plaintiff's family members attempted to transfer Plaintiff from a wheelchair to his aisle seat using a sling. (Dkt. 28 at ¶ 11). However, during this process, Plaintiff alleges that he fell and landed on the armrest of the seat. (Dkt. 28 at ¶ 11).

8. On May 24, 2021, Plaintiff filed a lawsuit against Allegiant and ATS in Texas state court. (Dkt. 1-2). On April 4, 2022, Plaintiff filed his First Amended Complaint. (Dkt. 28). Plaintiff alleges negligence claims based upon twelve allegedly negligent acts/omissions. (Dkt. 28 at ¶¶ 13-14). Eleven fall squarely within ATS's provision of services under the Services Agreement. (Dkt. 28 at ¶¶ 13-14, subsections (A)-(D), (F)-(L); Ex. 1 at § 4.01; Ex. 1 at Ex. A, §§ 2.1.3(b)(2), 2.2.13(g)). Only one potentially implicates Allegiant: the allegation that it assigned Plaintiff a seat with a nonmovable armrest. (Dkt. 28 at ¶¶ 13-14, subsection (E)).

9. In addition, Plaintiff alleges that Allegiant and ATS "acted with gross negligence in causing the incident and Plaintiff's resulting injuries and damages." (Dkt. 28 at ¶ 17). He seeks "exemplary damages from [Allegiant and ATS] as provided by Chapter 41 of the Texas Civil Practice and Remedies Code." (Dkt. 28 at ¶ 17). For the reasons explained herein, Allegiant is entitled to summary judgment on Plaintiff's gross negligence/exemplary damages claims.

## Argument and Authorities

10. A party is entitled to summary judgment as a matter of law if it shows there is no genuine issue of material fact as to all or part of a claim. Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

"The burden then shifts to the nonmovant to show the existence of a genuine issue of fact for trial." *Id.*

11. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "The burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (internal citations and quotation marks omitted). "Summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)).

12. Here, Plaintiff cannot identify any specific facts showing there is a genuine issue of material fact on his gross negligence/exemplary damages claim. Allegiant is therefore entitled to summary judgment on that claim.

**I. To recover on his exemplary damages claim, Plaintiff has to establish gross negligence by clear and convincing evidence.**

13. In order to prove gross negligence, Plaintiff has the burden to prove by clear and convincing evidence an act or omission on the part of Allegiant:

(A) which when viewed objectively from the standpoint of Allegiant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; <u>and</u>

(B) of which Allegiant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

TEX. CIV. PRAC. & REM. CODE §41.001(11); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014).

14. Here, Plaintiff does not have evidence to raise a genuine issue of material fact as to either prong.

> **A. Plaintiff cannot raise a genuine issue of material fact as to objective component of his gross negligence claim.**

15. To meet the objective component of gross negligence, Plaintiff has to prove that, at the time he was injured, Allegiant committed some act or omission that involved an extreme degree of risk, considering the probability and magnitude of the potential harm. TEX. CIV. PRAC. & REM. CODE §41.001(11); *Boerjan*, 436 S.W.3d at 311. "Under the objective component, 'extreme risk' is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury." *U-Haul Int'l v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). "Only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent." *Reeder v. Wood Cnty. Energy, LLC*, 395 S.W.3d 789, 797 (Tex. 2012).

16. Here, Plaintiff cannot point to any specific evidence that would raise a genuine issue of material fact as to whether Allegiant committed any act or omission that involved an extreme degree of risk. The only even potential bases through which he could even attempt to make such a showing would be Allegiant's acts in either: (1) contracting with ATS to provide the services out of which his injuries allegedly arose, or (2) accommodating his request to move to a seat with armrests that did not move. Neither could support a finding of objective gross negligence.

17. With respect to ATS, there is not a shred of evidence that Allegiant's decision to contract with ATS to provide wheelchair and boarding services involved an extreme degree of risk.

18. Nor is there any evidence that accommodating Plaintiff's request to change seats involved an extreme degree of risk. Moreover, Allegiant was obligated under the ACAA to accommodate the request. 14 C.F.R. § 382.87. As a result, Plaintiff cannot establish the objective

prong of gross negligence as a matter of law. Allegiant is therefore entitled to summary judgment on that claim.

      **B.    Plaintiff cannot raise a genuine issue of material fact as to the subjective component of his gross negligence claim.**

19.    Plaintiff also cannot raise a genuine issue of material fact as to the subjective prong of his gross negligence claim. To establish the subjective prong, Plaintiff must prove by clear and convincing evidence an act or omission of which Allegiant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. TEX. CIV. PRAC. & REM. CODE §41.001(11); *Boerjan*, 436 S.W.3d at 311. Under the subjective component, "the defendant must have actual awareness of the extreme risk created by its conduct." *Exxon Mobil Corp. v. Altimore*, 256 S.W.3d 415, 418 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Goodyear Tire & Rubber Company v. Rogers*, No. 05-15-00001-CV, 2017 WL 3776837, at *6 (Tex. App.—Dallas August 31, 2017, no pet. h.) ("Under the subjective element, actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care").

20.    Once again, there is absolutely no evidence that either contracting with ATS to provide wheelchair and boarding services or accommodating Plaintiff's request to move seats involved an extreme risk of harm. But even if either (or both) did, there is absolutely no evidence that Allegiant had actual awareness of any such risk. As a result, even if Plaintiff could raise a genuine issue of material fact as to the objective prong of gross negligence, he still could not do so with respect to the subjective prong. Allegiant is therefore entitled to summary judgment on Plaintiff's gross negligence/exemplary damages claim.

## Conclusion and Prayer for Relief

21. For these reasons, Defendants Allegiant Travel Company and Allegiant Air LLC respectfully request that this Court grant their Motion for Partial Summary Judgment, issue an order dismissing Plaintiff's gross negligence/exemplary damages claim with prejudice, and grant them such other relief to which they are justly or equitably entitled.

Respectfully submitted,

*/s/ Don Swaim*
Don Swaim
State Bar No. 19545200
Alex Whitman
State Bar No. 24081210
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone: (214) 646-1495
Facsimile: (214) 613-1163
dswaim@cunninghamswaim.com
awhitman@cunninghamswaim.com

**ATTORNEYS FOR DEFENDANTS ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have complied with the provisions of the Federal Rules of Civil Procedure by serving a copy of the foregoing document on this 22nd day of August, 2022 to all counsel of record who have entered an appearance in this action.

*/s/ Don Swaim*
Don Swaim